Ellen C. Hanna and William N. Hanna, her husband, v. Junius R. Clark and wife, Edward K. Clark and wife, Mary E. Clark, and Roger P. Clark. Appeal of Junius R. Clark and Mary H. Clark.

*Practice, Supreme Court—Improper assignments of error.*

It is not commendable practice to assign error to all the rulings of the court below, simply because they are adverse to the party appealing, when in point of fact the great bulk of them are upon undisputed conditions of the testimony and upon legal propositions which cannot possibly be controverted.

*Trusts and trustees—Accounts.*

Where a person having the legal title to property executes an instrument in writing, in which he recognizes that other parties have an interest in the property, and agrees that if he sells the land, or any part thereof, he will apply the proceeds to repay himself for any moneys paid out by him, and if there is any surplus left over after paying himself for moneys he had paid out or is liable to pay, he will pay the surplus to such other parties, such person is a trustee, and is bound to furnish to the parties mentioned in the instrument a full account of all his dealings and transactions in connection with the property.

*Trusts and trustees—Equity—Partition—Jurisdiction.*

A court of equity has jurisdiction in a case where a bill is filed for an account and for partition founded upon an equitable title.

A bill in equity for an account and for partition may be filed in the county where the lands are situated, although the defendant, a trustee, is a resident of another county.

It is no defense to a bill in equity for an account and partition that another bill has been filed in another county, where it appears that such bill had been filed against the defendant by another person; that it did not embrace one of the agreements relied upon in the first suit; that it did not ask for partition of any lands, nor for anything more than an account.

*Trusts and trustees—Equity pleading—Equity practice—Laches.*

Where a cotenant of a trust estate bought and held part of the trust estate for his sole benefit, a decree against him in a bill in equity, holding him liable as a trustee ex maleficio, cannot be sustained where it appears that the plaintiff had acquiesced in the defendant's claim to the property for many years; had said nothing about it in the bill; had not asked for any relief as against him on that account, nor had asked for any decree of any kind against him on that or any other account.

Argued May 5, 1898. Appeal, No. 137, Jan. T., 1898, by Junius R. Clark and Mary H. Clark, from decree of C. P. McKean Co., Feb. T., 1897, No. 3, on bill in equity. Before Sterrett, C. J., Green, McCollum, Mitchell and Fell, JJ. Decree modified.

Bill in equity for an account and partition. Before Morrison, J.

The facts appear by the former report of the case in 180 Pa. 186, and by the opinion of the Supreme Court.

Plaintiff's sixteenth point and the answer thereto were as follows:

That the purchase by Edward K. Clark of the interest, right or estate which C. R. Early had acquired under the contract made by Junius R. Clark with A. I. Wilcox and C. R. Early in 1875 for a consideration of $13,250, conferred no personal right or benefit upon Edward K. Clark, except as one of the cestuis que trustent under the trust deed of July 2, 1877, but inured to the benefit of the trust. Answered in the affirmative, except as to Colegrove lot, No. 9, in warrant 3489, for the reason that Edward K. Clark was familiar with all the facts and had ample notice that Junius R. Clark was holding and managing said lands as a trustee for the heirs of his father.

The court entered the following decree:

This cause coming on to be heard on the first day of September, 1897, before his Honor T. A. Morrison, a judge of the court of common pleas, in and for the county of McKean in the commonwealth of Pennsylvania, at Smethport in said county, upon the pleadings and proofs in said cause, and having been duly argued by the counsel for the parties, and the court having taken time to advise and to deliberate thereon, until February 28, 1898, when its findings of fact and conclusions of law there-

upon were duly handed down and filed, and now at this time,
that is to say, on March 16, 1898, the court is of opinion that
it has jurisdiction of the parties to this cause, and of the subject-
matter, and that the complainant has by satisfactory proof estab-
lished the fact that Junius R. Clark, a defendant, is a trustee
for her and others as to the lands described in the sixth para-
graph of the bill in this cause, being the same premises which
were sold and conveyed by the sheriff of McKean county to
Junius R. Clark above named, and more particularly hereinafter
described; and the court is also of the opinion that the trust so
vested in or cast upon said Junius R. Clark for the benefit of
the complainant and others ought to be ended, and that there
should be an accounting to the complainant Ellen C. Hanna by
said trustee, Junius R. Clark, and that she, the said Ellen C.
Hanna, is entitled to have partition of so much of the trust es-
tate as was in his hands at the beginning of this action so far
as the same consists of realty, and to such conveyances as may
be necessary to establish her title in severalty to her share of the
lands, so held in trust at the commencement of this action, and
that the said Ellen C. Hanna, the complainant, is entitled to
have partition of the Clark and Hanna tract, so called, and to
such a conveyance or conveyances as may be necessary to estab-
lish and vest in her her title in severalty to her several share of
the Clark and Hanna tract, more particularly hereinafter de-
scribed, and that she is also entitled to an accounting from the
said Junius R. Clark, a defendant, as to the proceeds of the same
from the time the same was acquired by herself and her broth-
ers and sisters and mother; and the court is also of the opinion
that the defendant, Edward K. Clark, is a trustee by operation
of law, or in other words ex maleficio, as to the interest which
he acquired through C. R. Early by quitclaim deed dated
April 1, 1879, and recorded in McKean county, on October 1,
1879, except as to the interest of said C. R. Early in Colegrove
lot, No. 9, warrant 3489, and that the complainant is entitled to
an account from the said Edward K. Clark as trustee ex male-
ficio for his dealings with such property so quitclaimed to him
by said Early from the time the said Edward K. Clark acquired
the same; and the court is of the opinion that the agreement
of October 11, 1873, made by the defendant, Junius R. Clark,
with his father, the late Joseph F. Clark, raised a trust in favor

of said Joseph F. Clark and his heirs and assigns, the benefits of which were inherited by his children, and the execution of which they were severally entitled to enforce, and that the agreement of July 2, 1877, made by and between the widow and heirs of Joseph F. Clark, constituted a valid trust in land and personalty raised by Junius R. Clark, a party thereto, and a defendant herein, in favor of all parties to said instrument, and that by consent of all the parties to the said instrument the said Junius R. Clark was the sole trustee thereunder, and the court is of the further opinion that the purposes for which said trust last mentioned was formed were three, namely, the payment of any valid and subsisting debt of Joseph F. Clark, the husband of Laura L. Clark, and father of the other parties to the trust instrument of July 2, 1877, which had been assumed or purchased or paid by Junius R. Clark out of his own funds or means, the provision from two thirds of the trust estate of a compensation of $5,000 to the trustee, and the distribution of the surplus trust estate ; and the court is further of the opinion that the trust estate consists of all those tracts, pieces or parcels of land situate and being in the township of Bradford, now Foster, in the county of McKean and state of Pennsylvania, described as follows, to wit:

1. One piece in the Keating survey known as lot No. 10 and the west half of lots Nos. 8 and 6, containing 245 acres of land, more or less, all in warrant No. 3489.

2. And also another piece, situate in the township of Bradford, now Foster, McKean county, in the state of Pennsylvania, known on the Keating survey as lot No. 5 and the south part of lot No. 3, containing 160 acres of land, more or less, all in warrant No. 3489.

3. And also another piece of land, situate in the township of Bradford, McKean county, in the state of Pennsylvania, known in the Kinsbury survey as lots No. 308 and 394, containing 232½ acres of land, more or less, all in warrant 3319.

4. Also another piece of land, situate in the township of Bradford, McKean county and state of Pennsylvania, to wit: four acres of land on the south part of lot No. 133 in warrant No. 3316.

5. Also another parcel of land in said township of Bradford, county of McKean and state of Pennsylvania, containing seven-

teen acres of land in the west part of lot No. 134, in warrant No. 3316, under and by virtue of deeds conveying the same lawfully executed and delivered by the several owners thereof.

And of the proceeds of any portion thereof sold and conveyed in fee simple by the said Junius R. Clark prior to the appointment of a receiver in this cause on January 13, 1897, and also including the income, profits, products and usufruct which came to the hands of said Junius R. Clark at any time since his purchase of the above described premises at sheriff's sale in the year 1873. And the court is also of the opinion that all the purposes for which the said trust was formed or created, except the distribution of the surplus, were accomplished long prior to the commencement of this action, and that the trustee, Junius R. Clark, has wilfully and wrongfully concealed from the cestui que trustent the existence and amount of surplus in his hands, and has repeatedly refused to account as such trustee, and did in August, 1895, refuse to distribute and divide any income, proceeds, profit or usufruct from the trust estate among the persons entitled thereto, and has failed to distribute and divide the surplus estate remaining in his hands. And the court is of the further opinion that the original share or interest of the complainant, and of each of her brothers and sisters in the trust estate was one ninth thereof, and the interest of their mother, Laura L. Clark, was one third thereof, and that the interest of said complainant, and of her brothers and sisters, was increased as to each to one sixth by the death of Laura L. Clark, their mother, intestate, and that the interest of the complainant and each of surviving children of Joseph F. Clark was increased by the death of their brother, Theodore N. Clark, to one undivided one fifth; subject, however, to the provisions for compensation of the trustee hereinbefore recited, and that the interest of the defendant Junius R. Clark, and of the defendant Edward K. Clark, was in each case increased to three tenths of the whole by the purchase of the interest of Charles L. Clark, their brother, in the said trust estate, and that the said Edward K. Clark has divested himself of any title or interest he may have had in the trust estate in favor of Roger P. Clark, a defendant herein; subject, however, to any charge or debt or demand which may be due to the complainant by reason of the conduct of Edward K. Clark, as

a trustee ex maleficio. And the court is of the further opinion that the complainant is entitled to her separate share of the trust estate to be held by her in severalty, and to an account by the trustee, Junius R. Clark, of his dealings with the trust estate and to an account from Edward K. Clark as a trustee ex maleficio of his dealings with the trust estate, or with any part thereof, or with any profit, proceeds, income or usufruct belonging to the said complainant, which came to his hands, and that Mary E. Clark and Roger P. Clark are and each is entitled to have, his, her or their shares in the surplus estate in the hands of Junius R. Clark, the trustee, at the beginning of this suit, set apart to him or her or them in severalty, as either may elect. And the court is of the opinion that the trust reposed in or cast upon Junius R. Clark serves no useful purpose and should be terminated without delay, and the court is of the opinion that the purchase by Junius R. Clark, as defendant, of the interest, estate or right of A. I. Wilcox, which said Wilcox had acquired in the trust estate by and under a contract made by Junius R. Clark, above named, with said Wilcox, and with one Early, for a named consideration of $13,250 and a royalty of one sixteenth of all oil, and the quitclaim deed executed by said Wilcox to said Junius R. Clark conferred no personal right or benefit on the said Junius R. Clark except as a cestui que trust under the trust deed of July 2, 1877, but inured to the trust, and vested no fee in the said Junius R. Clark, and that the purchase by Edward K. Clark, the defendant, of the estate or right of C. R. Early, which said Early had acquired in the trust estate by and under a contract made by Junius R. Clark, above named, with one Wilcox and with said Early, for a named consideration of $13,250, and a royalty of one sixteenth of oil, and the quitclaim deed executed by said Early to said Edward K. Clark conferred no personal right or benefit on the said Edward K. Clark except as one of the cestui que trustent under the trust deed of July 2, 1877, but inured to the trust, and vested no fee in the said Edward K. Clark; and the court is of the opinion that so much of the share, interest, right or property as Junius R. Clark, the trustee above named, owned, possessed or controlled at the commencement of this suit is subject to and should be charged with any debts, demand or sum of

money which may be found hereafter due from him to the complainant by reason of any matter, cause or thing arising out of his trusteeship, and that so much of the share, interest, right or property as Edward K. Clark conveyed or attempted to convey to the defendant, Roger P. Clark, and was held or owned or enjoyed by the said Edward K. Clark or said Roger P. Clark at the commencement of this action is subject to and must be charged with any debt, demand or sum of money which may hereafter be found due or owing from said Edward K. Clark to the complainant, by reason of any matter, cause or thing, arising out of his trusteeship by operation of law or ex maleficio for the complainant; and the court is also of the opinion that the complainant and the defendant, Junius R. Clark, Mary E. Clark and Roger P. Clark, are tenants in common of sixty-seven and nine tenths acres of land, being lot No. 78 in warrant 3347, in McKean county, in the commonwealth of Pennsylvania, and known to the parties in this suit as the Clark and Hanna property, and that the share of the complainant therein is one fifth thereof, and of Mary E. Clark, a defendant, is one fifth thereof, and of Junius R. Clark is three tenths thereof, and of Roger P. Clark is the remaining three tenths thereof, and that the complainant is entitled to partition thereof, and to hold her undivided one fifth in severalty instead of in common as she now does, and is also entitled to an account for the proceeds, profits, income and usufruct thereof, from the defendant, Junius R. Clark, because he has actively managed and controlled the same since it was acquired in ejectment in the court of common pleas, in McKean county aforesaid, in the year 1879, by the widow and children of Joseph F. Clark above named, and the court is of the opinion that all of the above described property were, and were known by the said trustee to be, oil producing properties.

Therefore, the court doth order, adjudge and decree that the trust heretofore created in favor of the complainant and others, and of which the defendant, Junius R. Clark, was the sole trustee, be terminated and ended, except so far as is necessary and expedient to hold the said trustee liable for an account of his conduct, proceedings and of the estate above described, and it doth also order, adjudge and decree that the said Junius R. Clark, by reason of his misconduct and violation and neg-

lect of his duties as trustee, be and he is hereby removed from his trusteeship, and excluded from participation in the trust estate, until it is affirmatively shown that his distribution from the execution of the trust deed until August, 1895, was just, fair and equitable, and until it is also shown that the complainant has received her full share of all moneys that have come to the hands of the trustee above named, and that his charges against her have not been excessive.

And it is further ordered, adjudged and decreed that within thirty days after the entry of this decree, and its service upon the solicitors or attorney of the defendant, Junius R. Clark, he, the said Junius R. Clark, make and file with the clerk of this court an account of all property and trust funds which came to his hands as such trustee under the agreement of October 11, 1873, made by him with his father, the late Joseph F. Clark, or under the agreement of July 2, 1877, made by him with his mother and with his brothers and sisters, which account shall show whether said trust property and funds are still in his possession, and whether in the same state of investment as when said trust property and the trust funds came to his hands, together with an account of all income, proceeds, property or usufruct, derived or received by the said trustee or by any one for him from the said trust estate from July 2, 1877, to the appointment of a receiver in this cause; and that for all disbursements or outlay for which he demands credit he produce and file with said account proper vouchers with leave to the complainant to surcharge and falsify such account or any item thereof, and that for any balance so undue to the complainant on said account, the complainant may and shall have a lien in the nature of an equitable mortgage upon the share or interest of said Junius R. Clark in the said trust estate, or so much thereof as he held, owned, possessed or enjoyed at the beginning of this suit.

It is also adjudged and decreed that the said Edward K. Clark did duly become by operation of law a trustee for the benefit of the complainant and his fellow cestui que trustent, by operation of law, and ex maleficio as to the interest which he claims to have acquired in the corpus of the trust property and in the income, proceeds, profits and oil derived therefrom by virtue of the above mentioned deed of release from C. R. Early, and the

said complainant shall have for any balance to be hereafter found due on the account which the said Edward K. Clark must make of his doings as such trustee, a lien in the nature of an equitable mortgage upon the share or interest of the said trust estate which the said Edward K. Clark conveyed or attempted to convey to the said Roger P. Clark in or about the year 1895.

And it is further ordered and decreed that the said Junius R. Clark is hereby enjoined and restrained from intermeddling with the trust estate, or with the profits, income, proceeds or usufruct thereof, and from incumbering or attempting to incumber the same by any debts, mortgage, judgment or other lien, until he shall establish to the satisfaction of the court that he has made full satisfaction and payment to each of his cestui que trustent of all moneys, debts and demands due to them or any of them by reason of any matter, cause or thing arising out of the management and conduct of his said trust.

And it is further ordered and decreed that a partition be made of the real estate, hereditaments and premises in question, described in the sixth paragraph, first, second, third, fourth and fifth sections, and also sixteenth paragraph of the plaintiff's bill of complaint, situate in the county of McKean and commonwealth of Pennsylvania, among the plaintiff and defendants; and it is further ordered and decreed that the cause be referred to Sheridan Gorton, master, and George H. Potter and A. F. Bannon, Jr., commissioners in partition, to value the said real estate and divide and make partition thereof into shares and purparts, according to the shares and interests of the respective parties thereto, to wit: to the complainant, Ellen C. Hanna, two tenths; to Junius R. Clark, one of the defendants, three tenths; to Mary E. Clark, one of the defendants, two tenths, and to Roger P. Clark, one of the defendants, the grantee of Edward K. Clark, the other defendant, three tenths; provided, however, that the interest of the said Junius R. Clark shall be subject to and charged with any debt, demand or duty which may be found to be due and owing from him to the said complainant by reason of his acts and liabilities as trustee aforesaid, and that the interest of the said Roger P. Clark shall be subject to any debt, demand or duty which may be found to be due and owing from the said Edward K. Clark to the said complainant by reason of the acts and liabilities of the said Ed-

ward K. Clark, as trustee by operation of law, as aforesaid; if the same can be divided without prejudice to or spoiling the whole of the said estate, and to ascertain the sum or sums which shall be charged or paid thereon for owelty, or which shall be paid or secured to the parties to whom no purpart may be allotted in the manner now authorized by law under writs of partition at common law.

And if the master and commissioners shall find that such partition and division can be made, either of the whole of the said real estate or any part thereof, then upon such valuation and partition to award and allot the said purparts to and among the parties severally and respectively entitled thereto, together with the sums so charged thereon and payable as and for owelty of partition.

And if the premises cannot be conveniently divided and parted into as many purparts as there are parties entitled, to award and allot the amount or sum to be paid or secured to them respectively, and the times when such payments shall be made and the purparts out of which the same shall be payable, and if the master and commissioner shall find that the said real estate cannot be divided without prejudice to or spoiling the whole, then to value the same, and if the parties shall refuse to take the same at the valuation, then to apply to the court for leave to make sale thereof at public auction, giving the like notice as is required in sales under proceedings in partition at common law.

And it is further ordered and decreed that the defendant, Junius R. Clark, shall pay all costs in this cause incurred up to date hereof, and the same shall be a charge and lien against his interest in the property and premises described in the said bill of complaint.

*Error assigned* among others was the decree of the court.

*Geo. A. Berry,* of *Berry & Edgett,* and *W. E. Rice,* for appellant.—The court had no jurisdiction: North Penna. Coal Co. v. Snowden, 42 Pa. 489; Long's App., 92 Pa. 171; Messimer's App., 92 Pa. 169; Richard's App., 100 Pa. 51; Washburn's App., 105 Pa. 481; Jennisons v. Leonard, 21 Wallace, 302.

An action to enforce a trust must be instituted in the county

where the trustee resided at the date of the commencement of the trust: Johnson's App., 103 Pa. 373.

Defendant contends further that the action instituted in the court of common pleas of Philadelphia county, being instituted by Mary E. Clark, and to which action all of the persons interested in the subject-matter of the trust were made parties, is a bar to the pending action in McKean county: Ford v. Terry, 41 Leg. Int. 174; Heindel v. Southern Penna. Mutual Relief Assn., 3 York, 204; Beidler v. Miller, 1 Woodward, 222; C. P. & A. R. R. Co. v. Erie, 27 Pa. 480; Penna. Co. for Ins., etc., v. Philadelphia National Bank, 14 Pa. C. C. R. 193.

The court will not undertake to examine the validity of the title where it is contested, for the possession alone gives jurisdiction: Law v. Patterson, 1 W. & S. 184; McMasters v. Carothers, 1 Pa. 324.

*Samuel Roberts Taylor*, with him *Thomas F. Richmond* and *Henry King*, for appellee.—Junius R. Clark held the legal title to certain of the lands described in plaintiff's bill as trustee: Clark v. Clark, 180 Pa. 186.

It was proper and competent to show by parol evidence what lands or other property was covered by the trust: Ferguson v. Staver, 33 Pa. 411; Bank v. Williams, 155 Pa. 48; Peart v. Brice, 152 Pa. 277; Smith and Fleek's App., 69 Pa. 474; Ash v. Ash, 4 Dist. Rep. 725.

The legal title to the property covered by the trust being in Junius R. Clark the equitable title in the cestuis que trust, a court of equity has jurisdiction to decree partition: Act of July 7, 1885, P. L. 257; Willing v. Brown, 7 S. & R. 466; Longwell v. Bentley, 23 Pa. 99; Hayes's App., 123 Pa. 110; Brightly's Equity, sec. 11; Gratz v. Lex, 6 Phila. 183; Church's App., 17 W. N. C. 541; Welch's App., 126 Pa. 297; Chadwick's App., 7 Atlantic Rep. 178; Beatty v. Henry, 10 Phila. 35; Simon's Est., 155 Pa. 215; Marsden's App., 166 Pa. 213; Wood's Est., 41 P. L. J. 222.

The court of common pleas of McKean county had jurisdiction even though Junius R. Clark never resided in McKean county and, at the time the trust arose, was a resident of Warren county; Hayes's App., 123 Pa. 110; Thompson v. Noble, 3 Pitts. Rep. 201.

The plaintiff can ask for partition without establishing her title at law: Hayes's App., 123 Pa. 110; Jennings v. Beale, 158 Pa. 283.

In order to oust the equitable jurisdiction the remedy, or supposed remedy, at law, must be full, adequate and complete: Johnston v. Price, 172 Pa. 427; Kirkpatrick v. McDonald, 11 Pa. 387; Weir v. Mundell, 3 Brewster, 594; Warner v. McMullin, 131 Pa. 370; Drake v. Lacoe, 157 Pa. 17; Electric Co.'s App., 114 Pa. 574; Bierbower's App., 107 Pa. 14.

A court of equity has jurisdiction of all the matters in dispute in this case: McGowin v. Remington, 12 Pa. 56; Wilhelm's App., 79 Pa. 120; Sill v. Blaney, 159 Pa. 264; Ahl's App., 129 Pa. 49; Allison's App., 77 Pa. 221; Adams's App., 113 Pa. 449; Slemmer's App., 58 Pa. 157.

The bill is not multifarious: Brown's App., 84 Pa. 457; Winton's App., 97 Pa. 385; Persch v. Quiggle, 57 Pa. 247; Young v. Oil Co., 10 Phila. 525; Rafferty v. Traction Co., 147 Pa. 579.

A trust will not be defeated by delay in paying purchase money or neglect to enforce the trust by an account: Christy v. Christy, 162 Pa. 485.

A trustee is, under no circumstances, allowed to set up a title adverse to his cestui que trust: 1 Lewin on Trusts, p. 285; Webb v. Dietrich, 7 W. & S. 401; Chorpenning's App., 32 Pa. 315; Beeson v. Beeson, 9 Pa. 279; Campbell v. McLain, 51 Pa. 200.

OPINION BY MR. JUSTICE GREEN, January 3, 1899:

Although there are eighty assignments of error in this case, none of them are pressed upon our attention in the argument of the learned counsel for the appellant except the very few which relate to the jurisdiction of the court, and the two matters arising under the fifty-ninth and sixty-eighth assignments. We do not think it commendable practice to assign error to all the rulings of the court below simply because they are adverse to the party appealing, when, in point of fact, the great bulk of them are upon undisputed conditions of the testimony and upon legal propositions which cannot possibly be controverted.

In the present case we are most clearly of opinion that the plaintiffs' claim rests both upon the sealed agreement made by

Junius R. Clark with his father on October 11, 1873, and upon the mutual agreement, also under seal, made by all the heirs of Joseph F. Clark, on July 2, 1877, and also upon the paper of July 9, 1877. All of these papers fully express the relation of trust and confidence established between the defendant, J. R. Clark, and the other members of the family, and in our opinion there can be no manner of doubt that in all the matters in controversy Junius R. Clark was a technical trustee, as to the properties and all the transactions growing out of them, for his mother and his brothers and sisters as cestuis que trust. So far as the agreement of July 2, 1877, is concerned, the precise question has already been decided by this Court in the case of Clark v. Clark, 180 Pa. 186. That was a bill filed against this same defendant by another sister claiming, practically, the same relief as to accounting as is sought in the present case, founded only upon the agreement of July 2, 1877, in which the defendant set up the same defenses as in this case. In the opinion our Brother MITCHELL thus speaks of that paper: " This writing is the foundation of the present bill. By it the appellant clearly constituted himself a trustee, and became liable to account in any court having jurisdiction over him, not by virtue of any statute as to trusts in common, but by the general jurisdiction of chancery to compel performance of equitable duties, or the enforcement of equitable rights, wherever the party may be found, without reference to the locality of the land. It is sufficient to refer to our own recent case of Jennings v. Beale, 158 Pa. 283." We decided in that case that this defendant was liable to account as a trustee for his transactions under the agreement of July 2, 1877, and we see no reason to depart from that ruling now. On the contrary, the paper of October 11, 1873, which, it appears by the testimony in this case had not been discovered when the bill in that case was filed, contains an additional and a larger obligation to account for all the transactions growing out of the original purchase of the lands in controversy at the sheriff's sale of these lands as the property of Joseph F. Clark, the father of the plaintiff and defendants. By that paper also an express trust was created, as well as an obligation to reconvey upon indemnity being made, inasmuch as Junius thereby agreed that if he made sales of the lands, or any part thereof, he would apply the pro-

ceeds to repay himself for any moneys paid out by him, and if there was any surplus left over after paying himself for moneys he had paid out, or was liable to pay, he would pay such surplus to the said Joseph F. Clark, his heirs or assigns. There cannot be the least question as to the efficacy of this paper to establish an express trust on the part of Junius R. Clark in favor of the plaintiff in this case, as well as the other members of the family. As the entirely undisputed testimony abounds with proof of the numerous transactions made by the defendant with these various properties, and of the large receipts of royalties for oil and other matters, and as he has never settled or filed any account of those transactions, it seems to be too plain for argument that he is bound to furnish a full account of all his dealings and transactions with the several properties and their products. As this question has been already decided it is unnecessary to elaborate it any further.

As to the contention that the bill is an ejectment bill and must therefore be dismissed, we consider it to be entirely untenable. The bill is filed against a trustee for an account and also for a partition of the lands in question. As the plaintiff, if her averments are sustained, is entitled to a conveyance of her apportionable interest in the land by virtue of her equitable title thereto, there is not the slightest question as to the jurisdiction of the court to award partition. Equitable jurisdiction in partition in all cases was expressly given to the courts of common pleas by the Act of July 7, 1885, P. L. 257. But it had been decided long before the passage of that act that an equitable estate is sufficient in Pennsylvania to sustain a partition even at law : Willing v. Brown, 7 S. & R. 467 ; Longwell v. Bentley, 23 Pa. 99. In Hayes's Appeal, 123 Pa. 110, we said : " In cases of equitable estates and defenses, chancery will take jurisdiction of the whole matter : Adams's Eq. 230 ; Story's Eq. Jurisprudence, 661. An equitable estate is sufficient in Pennsylvania to support a partition even at law ; it is sufficient to show a clear equitable right to the relief prayed for : Willing v. Brown, 7 S. & R. 467 ; Longwell v. Bentley, 23 Pa. 99. If the disputed titles are equitable, courts of equity will exercise jurisdiction to settle them, and will then grant final relief by way of partition under the same bill: Pomeroy's Eq. Jurisprudence, sec. 1388. Such a bill is not multifarious, because the partition is decreed

incidentally, to complete the measure of relief and avoid multiplicity of suits." There is not the slightest doubt that this is a bill for an account and for partition founded upon an equitable title, and hence it is beyond all question that the jurisdiction must be sustained.

The objection to the jurisdiction of the court of common pleas of McKean county, on the ground that the defendant was a resident of Warren county at the inception of the trust, if there was any trust, under the provisions of the Act of June 14, 1836, P. L. 632, is equally untenable. As the bill is for partition as well as for account, and the lands are all in McKean county, and jurisdiction having once attached for one purpose, it will be sustained for all purposes : Winton's Appeal, 97 Pa. 385 ; McGowin v. Remington, 12 Pa. 56 ; Wilhelm's Appeal, 79 Pa. 120 ; Ahl's Appeal, 129 Pa. 49. Equity has jurisdiction in all cases of partition : Brown's Appeal, 84 Pa. 457.

This same objection was made in Hayes's Appeal, supra, and was effectually disposed of by our Brother CLARK in the opinion. After stating the contention that under the act of 1836 the court of common pleas of the county where the trustee resided alone had jurisdiction, although the bill was for partition of lands lying in another county, the opinion proceeds : " This contention involves an entire misconception of the purpose and meaning of the act of 1836. That act, if it has any application to a trust created under the circumstances here alleged, has no application to proceedings at law or in equity in respect to the title ; it refers rather to the control and management of the trustee where the trust has been created by deed or will, or has been otherwise established. In 1836, and for twenty years thereafter, ejectment was the only means by which a trust might be asserted against the holder of the legal title ; and that being a local action was necessarily brought in the common pleas of the county where the lands were situated. It is absurd to suppose that the legislature intended that an ejectment might be brought in one county to recover the possession of lands lying in another county."

It is also argued that the pendency of another bill of Mary E. Clark in the common pleas of Philadelphia county against Junius R. Clark is a bar to the present proceeding. It is sufficient to say that the bill was brought by another person, it did

not embrace the agreement of October 11, 1873, and it did not ask for partition of the lands in McKean county, nor for any partition, nor for anything more than an account. The contention is destitute of merit.

We cannot sustain the fifty-ninth assignment. There is no evidence to show that Joseph F. Clark intended to make a present to Junius R. Clark of the money due him on the Kingsbury mortgage, nor is there any evidence to show that Junius R. Clark paid any money to his father for the assignment. But Junius R. Clark himself testifies that his father made the assignment to him at his request, because the matter was complicated, and "that for some reason the parties would not negotiate with father and I wrote to him he had better make an assignment to me and I would see what I could do." He said also that he finally collected $4,500 of this money; that he had a statement of his account with his father in regard to it, and that he paid part of it to his father. As a matter of course, the court could not say there was no evidence of any agreement to apply the moneys received from this source on account of the writing of October 11, 1873.

There is a question arising as to the liability of Junius R. Clark as a trustee for the proceeds received by him after the purchase by him and his brother of a part of the trust estate from Wilcox and Early. We express no opinion upon that subject at this stage of the case, and except it out of the operation of the decree as confirmed by us.

We do not see how we can sustain the sixteenth finding of the court below against Edward K. Clark, holding him liable to the plaintiff as a trustee ex maleficio, and therefore we feel obliged to sustain the sixty-eighth assignment of error. While it is perhaps correct to say that Edward K. Clark, being a co-tenant with his brothers and sisters of the trust estate, was not at liberty to purchase and hold any part of the trust estate for his own benefit as against them, and a very strong argument could be made to that effect in support of the sixteenth finding, yet it is also true that the plaintiff acquiesced in this claim of title by Edward K. Clark for many years, and, what is of still more importance, she has not made any adverse claim to it in her bill. She has said nothing about it in the bill, she has not asked for any relief as against him on that account, nor has she

asked for any decree of any kind against him on that, or on any other account. He has, therefore, had no notice of any such claim, and in the present state of the pleadings we do not see how any such claim can be sustained. We therefore sustain the sixty-eighth assignment and reverse so much of the decree as relates to him.

The decree of the court below is affirmed in all respects except as to so much thereof as relates to Edward K. Clark and holds him to be a trustee ex maleficio of the part of the property purchased by him from C. R. Early and requires him to account for the proceeds of that property, and as to so much of the decree as relates to that subject the same is hereby reversed, and the record is remitted to the court below for further proceedings at the cost of the appellants.