## Allen et al. v. Strong et al.

*Greer & Johnson*, for plaintiffs.
*George H. Class*, for defendants.

MacDade, P. J., March 4, 1944.—This is a bill filed by plaintiffs alleging that one Carl M. W. Allen, now deceased, was possessed of an interest in three properties located in the Borough of Lansdowne, Delaware

County. The bill sets forth that defendant Mae Strong and defendant Willie Mae Lansford are the record owners of these properties, but alleges that Carl M. W. Allen has an interest in them by reason of certain moneys advanced by him. By reason of the fact that all the defendants reside in the State of Florida, plaintiffs petitioned the court for leave to serve defendants in the State of Florida and such service has been made, as appears by an affidavit filed of record.

Defendants, by petition filed under the Act of March 5, 1925, P. L. 23, raise the question whether this court has jurisdiction over defendants or over the cause of action.

The prayers of the bill are: (a) That defendants be restrained from encumbering or disposing of real estate in Delaware County; (b) that defendants be decreed to hold title as trustees for plaintiffs and for reconveyance; (c) for an account of rents; (d) for further relief.

The question of procedure against nonresidents has given rise to a great deal of controversy and the reports contain many cases arising therefrom, some of which do not seem to be entirely harmonious. It should, of course, be pointed out at the beginning of this opinion that the title to these properties as it presently stands is entirely clear and, therefore, this suit cannot in any way be characterized as a proceeding to quiet title.

By reference to the record, it would appear that plaintiffs are proceeding under the Act of April 6, 1859, P. L. 387, as amended by the Act of March 20, 1941, P. L. 11, 12 PS §1254. That act confers upon any court having equity jurisdiction, "in any suit in equity . . . concerning goods, chattels, lands, tenements, or hereditaments . . . situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage, or encumbrance thereon . . . [power] to order and direct that any

. . . process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; and upon affidavit of such service had, to proceed as fully and effectually as if the same had been made within the jurisdiction of such court. . . ."

Plaintiffs have complied fully with the procedural requirements of the act and no issue has been raised with respect thereto. The sole question before the court is whether, on the averments of the bill, this action is within the meaning of the act.

Plaintiffs aver that decedent, under whom they claim, purchased three certain parcels of real estate situate in Delaware County with his own funds, taking title to the properties in the names of defendants. Plaintiffs further aver with respect to two of the properties that defendants executed declarations of trust in writing in favor of plaintiffs' decedent. These averments, if true, would raise an express trust with respect to two of the properties or, in the alternative, a purchase money resulting trust of those properties, and would raise a purchase money resulting trust of the third property. In this action plaintiffs seek a decree of the court impressing trusts on these properties.

In our judgment there is no doubt that, in an action to impress a trust on real property, service may be made extraterritorially under the Act of April 6, 1859, supra.

See Goodwin v. Colwell, 213 Pa. 614. Quoting therefrom (p. 616) : ". . . in this case the trust property is in another county and is outside the jurisdiction of the orphans' court having original control over the executrix. If equitable relief is then to be administered, it must be through the courts of Allegheny county, where the land lies that is sought to be declared within the trust: Van Dyke's Appeal, 60 Pa. 481. . . .

"If the executrix were within the jurisdiction of the orphans' court [of Armstrong County] she could of course be required to account for the proceeds of the sale of the real estate of the decedent. But she has removed permanently from the jurisdiction, and that court has no longer any control over her person, and would be without power to enforce its decree. . . .

"When the real estate was sold under the power of sale, the money became substituted for the land. If it was improperly used by the executrix to purchase property in Allegheny county, as alleged in the bill, then that property belonged to the devisees, and the parties holding the legal title are trustees for them, and the devisees are entitled to the aid of a court of equity to declare the trust, and to prevent the property from being sold, and its proceeds removed from the state. The trust would be one ex maleficio, with which the orphans' court has nothing to do. The only court that can give the necessary relief, under its equity powers, is the court of common pleas of the county where the real estate is located."

What is therein said applies with equal force here, for the Court of Common Pleas of Delaware County is the only court to enforce a trust of the real estate situate in the county. Here, too, plaintiffs seek to have the court impress a trust upon real estate within its jurisdiction upon settled equitable principles, and here, too, "the only court that can give the necessary relief under its equity powers, is the court of common pleas of the county where the real estate is located".

See also Hayes' Appeal, 123 Pa. 110, wherein the Supreme Court said (p. 133) :

"We have no doubt as to the jurisdiction of the Common Pleas of Washington county, in equity, to hear and determine the question as to the existence of this trust, and if the demandant be found to have title under it, to award a partition; to establish the trust, however,

the evidence must be clear, explicit, and unequivocal, such as would satisfy the conscience of a chancellor: Plumer v. Guthrie, 76 Pa. 441; Loyd v. Lynch, 28 Pa. 419; McGinity v. McGinity, 63 Pa. 38." See Hanna et vir v. Clark et al., 189 Pa. 321.

These cases, therefore, hold that this court in the case at bar has jurisdiction to impress a trust upon the real estate concerning which this action is brought.

"The Act of 1859 was properly utilized for the purpose of serving defendant. The land being located within the jurisdiction of the court below, but defendant, who claimed to own it, being a nonresident, the statute says she may be served with process, in the way specified, in order that she may defend the action, if she sees fit so to do. The bill did not seek to have her held individually liable to pay the amount due plaintiff, but only that the land should be decreed to be liable for it. The claim being thus limited, the service upon defendant could properly be made in the way it was done: Coleman's App., 75 Pa. 441; Arndt v. Griggs, 134 U. S. 316; Roller v. Holly, 176 U. S. 398": see American Trust Co. v. Kaufman, 287 Pa. 461; Shreve v. Shreve et al., 305 Pa. 425; and Stumpf v. Cervino, etc., 44 D. & C. 511.

An action to impress a trust on real estate is in rem and not in personam.

The cases cited by defendant are those in personam and if this were to be a personal judgment the petition herein would have to be sustained. See Coleman's Appeal, 75 Pa. 441, Goodwin v. Colwell, 213 Pa. 614, supra, American Trust Co. v. Kaufman, 287 Pa. 461, supra, Hughes v. Hughes, 306 Pa. 75, Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529, Pomeroy, Equity (5th ed.), 98, 23 L. R. A. (N.S.) 1135, and Brown v. Swartz et ux., 48 D. & C. 605.

Lastly, we cite Jones v. Jones et al., 344 Pa. 310, as eminent authority for sustaining our position in this

matter. There it was said by Mr. Justice Parker, speaking for the Supreme Court (p. 313) :

"(1) Academic authorities and essayists have for a long time debated the nature of a beneficiary's interest in a trust, some arguing that the right of a beneficiary is merely in personam, that is, only a right against the trustee without any right in the trust res. We have in this state adopted the more realistic view as stated by Mr. Justice Stern in Commonwealth v. Stewart, 338 Pa. 9, 14, 12 A. 2d 444, 'that, in addition to rights against the trustee, the beneficiary also has rights in rem, an actual property interest in the subject-matter of the trust, an equitable ownership of the trust res.'

"This is also the view taken by the United States Supreme Court: Brown et al. v. Fletcher, 235 U. S. 589, 35 S. Ct. 154; Irwin v. Gavit, 268 U. S. 161, 167, 45 S. Ct. 475; Senior v. Braden et al., 295 U. S. 422, 55 S. Ct. 800. In Blair v. Commissioner of Internal Revenue, 300 U. S. 5, 13, 57 S. Ct. 330, 333, Chief Justice Hughes said: 'The will creating the trust entitled the petitioner during his life to the net income of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property . . . The interest was present property alienable like any other, in the absence of a valid restraint upon alienation. . . . The assignment of the beneficial interest is not the assignment of a chose in action but of the "right, title and estate in and to property". Jones has a present interest in the res notwithstanding the fact that his mother may at present be entitled to receive all the income. The mere fact that the interest of a beneficiary of a trust is a future rather than a present interest does not prevent his creditors from reaching it': 1 Scott on Trusts sec. 162; Riverside Trust Co. v. Twitchell, supra. Also cf. Chappell et al. v. Clarke et al., 94 Md. 178. We deem it to be clear

that the defendant Jones has such a property right as is described in sec. 2 of the Act of May 23, 1907, P. L. 227, as amended, a condition precedent to a constructive service.

"(2) The appellant argues that the future interest of Jones in these trusts is an intangible interest, the situs of which is not in Allegheny County, but is at the domicile of the owner citing the principle mobilia sequuntur personam immobilia situm. This argument passes lightly over the established principle of law that a vested interest of a beneficiary in a trust estate is an equitable property interest in the res. By virtue of that interest the beneficiary is entitled to enforce the trust and to obtain redress in that county in case of breach. The assets of the estate are in custodia legis and it is in that county that the trustee must account. Where the purpose of the suit is to subject Jones' equitable interest to a claim against him we see no reason for holding that the situs of his interests in the trust estates is at any other place than Allegheny County."

In the Jones case, plaintiff was permitted to make extraterritorial service upon her nonresident husband in an action to reach his equitable interests in real estate.

This being an action in rem, it was within the power of the court, under the Act of 1859, to authorize extraterritorial service upon defendants. The Supreme Court has discussed the distinction between actions in rem and actions in personam in three of its recent decisions and has uniformly held that in actions in rem a court of equity may proceed under the Act of 1859 to afford appropriate equitable relief. See also Gallagher, Admr., v. Rogan et al., 322 Pa. 315, and Mid-City Bank & Trust Co. v. Myers et al., 343 Pa. 465.