Blumner, Appellant, *v.* Metropolitan Life
Insurance Company et al.

Argued April 18, 1949.  Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Daniel Marcu,* with him *Marcu, Marcu & Marcu,* for appellant.

*T. Henry Walnut,* with him *Frank O. Schilpp* and *Rambo & Mair,* for appellees.

OPINION BY MR. JUSTICE LINN, May 23, 1949:

This appeal by the plaintiff is from an order sustaining preliminary objections to his complaint in his suit to quiet title. The defendants are his former wife, now Mrs. Hartmann, and the Metropolitan Life Insurance Company. He contends that his suit is authorized by Rule 1061 of the Rules of Civil Procedure, subsection (b) of which provides, "The action may be brought (1) to compel an adverse party to commence an action of ejectment; (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land; (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or (4) to obtain possession of land sold at a judicial or tax sale." He could not bring ejectment because he was in possession and his former wife was not. He prays the court "to determine his right and title to" certain premises, and to compel the insurance company "to convey to plaintiff the entire right, title and interest in said premises and to forever bar the defendant Gladys Kay Hartmann from asserting any right or interest in said premises inconsistent with the interest or claim of plaintiff; . . ." Mrs. Hartmann, defendant, filed two preliminary objections, asserting first, that plaintiff had chosen the wrong form of action; that instead of a suit to quiet title he should have proceeded by bill in equity pursuant to the Act of May 10, 1927,

P. L. 884, 68 PS 501 et seq., providing a special remedy for the division or partition of property held by entireties by spouses subsequently divorced. The appellant's suit which was brought December 3, 1948, appears to be a counter-action to a suit brought by his divorced wife November 30, 1948, by bill in equity pursuant to the Act of May 10, 1927, just referred to. The second objection was that her suit to enforce the division specified in the statute was brought before his suit and should be proceeded with. To her bill in equity, Blumner, as a defendant, filed preliminary objections, stating that title "was never taken in plaintiff and this defendant as tenants by entireties and hence, upon the facts averred, plaintiff has a full, complete and adequate remedy at law." Second, that he had brought the action to quiet title.

The Act of 1927 provides, in section 1, "That whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. . . ." Section 2 provides, "If satisfied that the relief asked for is proper, the court . . . shall order a trustee to be appointed . . . to make public sale of said property. . . ." Section 3 provides, "In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby modified. . . ."

By agreement of the parties both sets of preliminary objections were argued at the same time. The court sustained Mrs. Hartmann's objections to appellant's

complaint in the action to quiet title, and it is from that order that he now appeals. The court also was of opinion that Mrs. Hartmann in her bill had presented a prima facie case for the application of the Act of 1927 and therefore dismissed the appellant's objections.

The appellant's argument in this Court is based on the proposition that the Act of 1927 "is restricted to cases where title to the real estate is taken by husband and wife and not where the husband and wife have only signed an agreement to purchase." We must reject that contention. The comprehensive words of the Act are "That whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, . . ." By the transaction with the insurance company, upon which Blumner in his suit and Mrs. Hartmann, in hers, rely, they acquired the equitable title to property by entireties. The transaction appears to have been as follows: In 1941, as husband and wife, they executed an agreement to purchase certain property from the Metropolitan Life Insurance Company for $4,000, payable $250.00 down and $27.19 a month until settlement. The agreement provided that when the debt was reduced to $2,650.00 the insurance company would convey the legal title to the parties who would then execute a purchase money mortgage. They were divorced in March, 1947. A year later Mrs. Blumner married Henry Hartmann. In June, 1948, the installments paid reduced the principal due under the agreement of sale to $2,650.00 and the insurance company offered to transfer the legal title upon receipt of the bond and mortgage. Blumner refused to execute it unless his wife renounced her interest in the property.

The insurance company's agreement of 1941 vested in the Blumners the equitable title to the property: *Smith v. Glen Alden Coal Co. et al.,* 347 Pa. 290, 299, 32 A. 2d 227 (1943); *Bramberry's Estate,* 156 Pa. 628, 632, 27 A. 405 (1893); *Longwell v. Bentley,* 23 Pa. 99,

102 (1854). In *Bramberry's Estate,* it was said, "A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession." *Madden et al. v. Gosztonyi Savings and Trust Co.,* 331 Pa. 476, 200 A. 624 (1928). In *O'Malley v. O'Malley,* 272 Pa. 528, 116 A. 500 (1922) it was observed that while in the majority of jurisdictions a divorce decree severs an estate by entireties and makes the divorced parties tenants in common, the law of this State was otherwise and the divorced parties continued as tenants by the entireties. It was doubtless to relieve the hardships resulting in such circumstances that, soon after the *O'Malley* decision, the Act of May 13, 1925, P. L. 649, was passed, and two years later was replaced by the Act of May 10, 1927, quoted above. This Act gave the divorced spouses a right which they did not have before, the right to proceed to partition. The thing to be partitioned is the thing acquired by the spouses by their agreement with the insurance company, for which nearly $1,400.00 has been paid. To accept the appellant-plaintiff's contention that the Act only applies when the spouses have taken the entire title as distinguished from the equitable title, would be adding the word "real" to the word property in the statute which is perfectly clear in its meaning without the addition of the word "real." It seems that two courts of common pleas have differed in the construction of the word "property" in the statute, one holding that it includes personal as well as real property and the other holding that it included real property only.[1] Considering that in Pennsylvania for many years personal property as well as real property has been held by the entireties, we think

---

[1] See *Wells v. Brown,* 61 D. & C. 511 (1948) and *Barrett v. Barrett,* 62 D. & C. 362 (1948).

the legislature intended to supply to divorced spouses a remedy of partition in equity of property whether real, personal or a chose in action. It is not probable that the legislature intended to give a remedy for only one of these common classes of property. The Statutory Construction Act of May 28, 1937, P. L. 1019, 1029, section 101, defines the word property as including both real and personal property.

It is well settled that an equitable estate may be partitioned: *Stewart v. Brown,* 2 S. & R. 461 (1816); *Willing and Wife v. Brown,* 7 S. & R. 467 (1822); *Longwell v. Bentley,* 23 Pa. 99 (1854); *Hayes Appeal,* 123 Pa. 110, 16 A. 600 (1889); *Hanna v. Clark,* 189 Pa. 321, 41 A. 981 (1899). In his complaint the appellant-plaintiff avers that he made all the payments that were made on account of the purchase price and that his wife made none; that she deserted him "and abandoned all interest in the agreement for the purchase of the property." But the insurance company, he avers, "is unwilling to execute a conveyance to [him] without the joinder of" his former wife. In ejectment a plaintiff must recover on the strength of his own title and not on the weakness of the defendant's: *Smith v. Miller et al.,* 289 Pa. 184, 190, 137 A. 254 (1927). The rule is equally applicable in an action to quiet title, *Ransberry v. Brodhead's Forest and Stream Assoc.,* 315 Pa. 513, 515, 174 A. 97 (1934); and as it appears by the complaint that on the undisputed documentary evidence he and his divorced wife have an equitable estate by the entireties, his complaint is insufficient and demurrable. His averment that he paid all of the consideration is immaterial to his action, because section 3 of the Act of 1927, provides, as has been stated, that "the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property . . ." See also *Werle v. Werle,* 332 Pa. 49, 1 A. 2d 244 (1938); *Uzarski v. Union Na-*

*tional Bank*, 152 Pa. Superior Ct. 433, 33 A. 2d 459 (1943). She shall share equally with the plaintiff in the value of the property at the time of sale by the trustee subject to the lien of the insurance company for unpaid consideration and to adjustment of amounts paid by Blumner since the decree.

The order sustaining the preliminary objection of Gladys Kay Hartmann to the plaintiff Blumner's complaint is affirmed; costs to be paid by appellant.