## Molitoris v. Sullivan Trail Coal Co.

Before Flannery, P. J., Pinola and Brominski, JJ.

*Richard M. Hughes* and *Robert L. Fleming*, for plaintiffs.

*Martin D. Cohn*, for defendants.

FLANNERY, J., May 2, 1961.—This matter comes before the court on a rule granted on plaintiffs to show cause why the claim of one of the plaintiffs, John Molitoris, should not be severed from the claim of the co-plaintiff, Helen Molitoris.

Plaintiffs, husband and wife, on April 27, 1960, instituted this action in trespass by summons against one of the defendants, Sullivan Trail Coal Company. By order of court dated December 7, 1960, Durward Gassaway was added as a party defendant, and on the same day plaintiffs filed their complaint, which was thereafter served on each of the defendants.

On January 9, 1961, by order of court, the instant action was consolidated for trial with the case of Sullivan Trail Coal Company v. John Molitoris, no. 61, December term, 1960.

The rule which is now before us was granted on February 3, 1961, upon the petition of defendants.

In the action, one of the plaintiffs, John Molitoris, seeks recovery for personal injuries received and other losses sustained as a result of the collision on March 9, 1960, of a vehicle operated by him with one operated by Durward Gassaway, an employe of the Sullivan Trail Coal Company. In addition, both of the plaintiffs are claiming damages to the automobile operated by John Molitoris and which was owned by both of the plaintiffs and titled accordingly.

Pa. R. C. P. 2252 (*a*) provides:

"In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or

a complaint, to join as an additional defendant any person *not a party to the action* who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him." (Italics supplied).

In view of the above-cited provision, defendants contend that a severance should be permitted in order to enable them to join John Molitoris as an additional defendant on the claim of his wife, Helen Molitoris. This contention is without merit.

Pa. R. C. P. 2227(*a*) provides that "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

Examples of persons who have only a joint interest in the subject matter are joint tenants or tenants by the entireties. See 4 Anderson Pa. Civil Pract. page 299. Here, defendants in their petition for severance concede that the subject matter, i. e., the automobile, was owned by "John Molitoris and his wife, Helen Molitoris." And in Pennsylvania, a tenancy by the entireties arises whenever property, either personal or real, vests in two persons who are husband and wife: Blumner v. Metropolitan Life Insurance Company, 362 Pa. 7; Wallaesa v. Wallaesa, 174 Pa. Superior Ct. 192.

It appears then that, with respect to the claim for automobile damages, both of the plaintiffs are indispensable parties and thus neither of them can be severed and joined as an additional defendant: Rowles v. Johnson, 2 D. & C. 2d 753. Kranchalk v. Simon, 80 D. & C. 289; Fry v. Marconi, 20 D. & C. 2d 575; Kline v. Ranken, 79 D. & C. 260; 4 Anderson Pa. Civil Pract. page 302. Accordingly, defendants' petition must be dismissed and the rule discharged.

Wherefore, defendants' petition to sever the claim of plaintiffs is dismissed and the rule discharged.