**Joseph M. SPINELLI**

v.

**Lois J. Dunlap SPINELLI**
**and**
**Joseph Dunlap.**
**Civ. A. No. 41110.**

United States District Court
E. D. Pennsylvania.
Feb. 20, 1967.

Gerald A. Gleeson, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Paul C. Van Dyke, Cochrane & Van Dyke, Chester, Pa., for defendants.

## OPINION

JOHN MORGAN DAVIS, District Judge.

The plaintiff has instituted this diversity action against his former wife and her father. The latter have filed with their answer motions to dismiss on the grounds that the amount in controversy is less than $10,000.00 and that "the complaint fails to state a cause of action." These motions are now before us.

The complaint alleges that in April 1964, the plaintiff and the defendant Lois Spinelli, who was then his estranged wife, engaged a real estate broker to sell their home in Delaware County. The property was owned by them as tenants by the entireties. In May, the broker obtained purchasers for the property and a contract of sale was signed by both plaintiff and defendant. Pursuant to the contract of sale, settlement was held on September 15, 1964 in the offices of the Commonwealth Land Title Insurance Company. However, it became impossible to distribute the proceeds that day and the company requested the plaintiff and the defendant to return the next day. The plaintiff returned at the appointed time, but the company informed him that it had already delivered to his wife the check for $18,318.22 made out to the order of "Joseph M. Spinelli and Lois J. Spinelli." Mrs. Spinelli had informed the company that she had full authority to accept it for both although she did not in fact have such authority. Thereafter her father, Joseph Dunlap, without authorization from the plaintiff, endorsed the settlement check with the plaintiff's name, thus committing forgery. The defendants then deposited the money into a savings account and subsequently withdrew it. They converted it to their own use without the consent of the plaintiff. He contends that the defendants have conspired to defraud him of his rights to $12,099.11 from the proceeds of the $18,318.22 check and demands judgment for the $12,099.11 with interest.

The complaint also states that Lois and Joseph Spinelli were divorced in 1965.

It is the defendant's contention that the $18,318.22 in question was entireties property and that the most to which the plaintiff would be entitled would be one half of it or $9,159.11, a sum less than the jurisdictional amount.

Under Pennsylvania law, a tenancy by the entireties is an estate by which property, either real or personal, is held jointly by husband and wife with right of survivorship. It is held "per tout et non per my," that is, each spouse is seized of the whole and not of any divisible fraction. While they continue as husband and wife, neither may destroy the tenancy or alienate any portion of it for his or her own exclusive benefit without the consent of the other. Blumner v. Metropolitan Life Insurance Co., 362 Pa. 7, 77 A.2d 245 (1949); United States National Bank v. Penrod, 354 Pa. 170, 47 A.2d 249 (1946); Phipps, "Tenancy by Entireties" 25 Temple L.Q. 24 (1951); "The Power in a Husband and Wife holding Property by the Entirety;" 57 Dickinson L.Rev. 356 (1955); 18 Pa. Law Encyclopedia §§ 6–10 and cases cited therein.

However, if one spouse does in any way prejudice the rights of the other in such property, the latter has the right to demand an accounting, to have severed all entireties property held by them and to have awarded to him in his own right one half of it. In Brose Estate, 416 Pa. 386, 206 A.2d 301 (1965), husband and wife had a series of joint savings accounts which were tenancies by the entireties. In 1963, the wife left her husband and withdrew a large sum of money from one of the accounts without the consent of her spouse. When the husband discovered what had happened, he withdrew money from some of the others and appropriated it for his own benefit. The court stated 416 Pa. at p. 391, 206 A.2d at p. 304:

"Withdrawing by one tenant and appropriating the money or property to the withdrawer's own exclusive use

without the consent or subsequent approval of the other tenant, terminates the tenancy at the option of the co-tenant, but not the co-tenant's right to an accounting and to one-half thereof."

The Court found a mutual intent to terminate the tenancies by the entireties and decreed that each spouse was entitled to one half of all the proceeds that existed on the day that the wife first made an unauthorized withdrawal for her own benefit.

■ The plaintiff in the instant action argues that he is entitled to $12,099.-11 from the proceeds of the check. The complaint nowhere states how the plaintiff arrived at this figure. In his unsworn statement of facts in his brief, he indicated that he contributed all the funds necessary for the purchase of the home and the maintenance of the mortgage and that after repayment of the mortgage, the $12,099.11 remaining would belong to him. Even if we consider these facts properly before us, Pennsylvania law considers it immaterial who initially contributed the assets and permits each spouse to retain only one half of entireties property if the estate is dissolved. See Cribbs Estate, 411 Pa. 242, 191 A.2d 379 (1963).

In Holmes Estate, 414 Pa. 403, 200 A. 2d 745 (1964), the husband had purchased a number of shares of stock with his own funds, but he put them in the name of himself and his wife. She never saw or had possession of the certificates. The court stated that once the stock was put in the names of both spouses the gift to the wife was complete and the creation of an estate by the entireties was presumed even though the money used to purchase the stock had originally belonged to the husband.

The Pennsylvania Courts impose a very strict burden to overcome this presumption. Holmes Estate, supra, 414 Pa. at 406, 200 A.2d 745. Yet the wording of the complaint obviates any such problem here since the plaintiff admits that the house and the check were both entireties property.

■ Taking the allegations of the complaint as true, we are dealing with a check of $18,318.22 which is a tenancy by the entireties. The wife has expropriated it to her own use, and the husband now sues for its return. His action indicates an acceptance of his wife's offer to terminate the entireties estate that existed in the property. No matter how culpable the defendant's conduct, the husband is entitled to no more than one half of the proceeds since he had made a gift to his spouse by the creation of the tenancy by the entireties in the first place.

The plaintiff is saying in effect that because his former wife has acted improperly with the gift, he is entitled to have it returned to him *in toto*. He relies on the case of Commonwealth v. Levitz, 73 Montg. Co. Law Rep. 191 (1956), a decision of the Quarter Session Court of Montgomery County. The wife had her husband arrested for non-support. It appeared however, that she had withdrawn $10,000 from a joint banking account and placed it in other accounts in her own name. She argued that one half of the fund belonged to her anyway. Without citation of authority, the court stated that the wife's action dissolved the tenancy by the entireties, and the title to the fund would vest in the husband who had deposited the money in the account. The Court then added, "As we view it in effect the wife has $10,000 either in cash or investments which *morally at least* belongs to her husband and until this amount is exhausted no order should be made on the defendant". (Emphasis added.)

While the language in that opinion probably supports the plaintiff's position, we think that it is an incorrect statement of the law of Pennsylvania. Brose Estate, supra; Holmes Estate, supra; Werle v. Werle, 332 Pa. 49, 1 A.2d 244 (1938). Instead we believe the language in Evans v. Evans, 59 Dauph. 198, 202 (1947) summarizes the correct rule of law:

"The deposit of the various sums of money, regardless of their source, in

the joint names of husband and wife created an estate by entireties with all of the incidents of that estate. The act of the husband in withdrawing the fund was tantamount to an offer to destroy the estate by the entirety, and the filing of the present bill in equity by the wife was an acceptance of that offer. On division of the fund, however, the plaintiff cannot claim the amounts deposited in the fund arising from her individual stock and one-half of the amount of the fund arising from stocks held jointly. The entire deposit was held by the entirety and on a termination of the estate it must be divided equally between the parties."

The defendants also rely on 68 Pa.Stat. Ann. tit. 68 § 501 which reads:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them."

Since the divorce in 1965, the plaintiff and the defendant Lois Spinelli have therefore held the proceeds of the check as tenants in common of equal one-half shares. Each then had a right to $9,159.-11 and to no more.

■■ The plaintiff argues, however, that the statute only applies to entireties property held by the spouses at the time of the divorce in 1965 and not to property previously converted to their own individual uses. First of all, both did not convert the property. The plaintiff simply alleges in his complaint that his wife appropriated all the property for her own benefit alone. Secondly, it is clear that one spouse cannot unilaterally terminate an entireties estate without the consent of the other. Brose Estate, supra; Reifschneider v. Reifschneider, 413 Pa. 342, 196 A.2d 324 (1964); Stemniski v. Stemniski, 403 Pa. 38, 169 A.2d 51 (1961); Interboro Bank and Trust Co. Appeal, 359 Pa. 315, 59 A.2d 101 (1948). The complaint alleges no such consent prior to the divorce so that the tenancy by the entireties continued as long as they were legally married despite the wife's misconduct. When the divorce occurred, the law transformed the estate into a tenancy in common, and it is irrelevant who contributed the assets originally. See Blumner v. Metropolitan Life Ins. Co., 362 Pa. 7, 12, 66 A.2d 245 (1949).

■ Finally the plaintiff contends that his allegation of $12,099.11 must be accepted if made in good faith. While we agree with this general proposition, we find that the requisite good faith is lacking since it appears to a legal certainty from the face of the complaint that under Pennsylvania law the plaintiff cannot recover more than one half of the $18,318.-22 in question. Jaconski v. Avisun Corporation, 359 F.2d 931 (3d Cir. 1966). The mere allegation that the amount in controversy exceeds $10,000 is obviously not sufficient in and of itself to confer jurisdiction on this Court.

Our decision renders it unnecessary to consider the defendant's motion to dismiss "for failure to state a cause of action."

### ORDER

And now, this 20th day of February 1967, it is hereby ordered that the defendant's motion to dismiss the action for lack of jurisdiction over the subject matter be and the same is granted.