**In re Howard HOCKSTEIN, t/a A & B Cancellation Shoe Company, a/k/a A & B Shoes, Debtor.**

**PROVIDENT NATIONAL BANK, Plaintiff,**

v.

**Howard HOCKSTEIN, Debtor.**

**Bankruptcy No. 80–00840G.**
**Adversary No. 80–0600G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 3, 1980.

Brett K. Kunin, Philadelphia, Pa., for plaintiff, Provident National Bank.

Morton R. Branzburg, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for defendant/debtor, Howard Hockstein.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether a secured creditor is entitled to relief from the automatic stay in order to permit it to proceed against the residence owned by the debtor and his wife. We conclude that the secured creditor is not entitled to relief from the stay because the debtor has an equity in the residence, because there is adequate protection of the secured creditor's interest and because no other reason has been advanced for granting that relief.

The facts of the instant case are as follows:[1] On May 8, 1975, Howard Hockstein ("the debtor") and his wife executed a note in the amount of $14,011.20 to Provident National Bank ("the bank"). As security for that note, the debtor and his wife granted a collateral mortgage to the bank on their principal residence at 12604 Richton Road, Philadelphia, Pennsylvania. That mortgage was properly recorded.

On November 25, 1979, the debtor filed a petition for reorganization of his business under Chapter 11 of the Bankruptcy Code ("the Code").[2] The debtor's wife did not join in that petition. Since that time, the debtor and his wife have failed to make any payments to the bank on the above note. The balance due the bank (for which it has filed a proof of claim as a secured creditor in these proceedings) is $2,516.74. On October 6, 1980, the bank filed the instant adversary complaint seeking relief from the automatic stay to permit it to proceed with mortgage foreclosure against the residence of the debtor and his wife.

Section 362(a) of the Code states that the filing of a petition for relief operates as an automatic stay of various acts of any party to enforce a claim against the debtor or property of the debtor or property of the debtor's estate. 11 U.S.C. § 362(a). In the instant case, the bank seeks to proceed against property held by the debtor and his wife as tenants by the entirety. While section 362(a) stays only actions against property of the debtor or his estate, we agree with the Bankruptcy Court for the District of Maryland which concluded that the debtor's interest in property held by him and his wife as tenants by the entirety *is* property of the debtor's estate. *In re Levy Ford, Jr.*, 3 B.R. 559 (Bkrtcy.Md.1980). It follows, therefore, that actions against that property are stayed by section 362(a).

On request of a party in interest, such as the bank in the case before us, we are required to grant relief from the automatic stay if certain conditions are met,—namely:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

In the instant case it is apparent that the property in question, the residence of the debtor, is not necessary to an effective reorganization of his business since it is not used in connection with that business. However, in order to warrant a modification of the stay pursuant to section 362(d)(2), both a lack of equity and lack of necessity in an effective reorganization must be shown. On the issue of the debtor's equity in the property, the parties have stipulated to the following relevant facts: The fair market value of the residence of the debtor and his wife is $25,000. That property is subject to a first mortgage of approximately $6,500 held by a third party. The bank holds a second mortgage of $2,516.74, and there is a third lien on the property of approximately $7,500. Therefore, the liens on the property aggregate about $16,500.[3]

From the above facts it is clear to us that the debtor has an equity in the property. If the fair market value of the property is $25,000 and the liens on that property total $16,500, there is an equity of $8,500 in the property which belongs to the debtor and his wife as tenants by the entirety. To

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The Bankruptcy Code became effective on October 1, 1979. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 402, 92 Stat. 2682 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787.

3. At the hearing herein the attorney for the bank stated that the total of the liens was $17,500; however, that appears to have been a mathematical error. Whichever figure is correct, it does not affect our conclusion in this case.

determine what interest the debtor alone has in the balance of the property, it is necessary to look to Pennsylvania law.

Under Pennsylvania law, a tenancy by the entireties is an estate by which property, either real or personal, is held jointly by husband and wife with right of survivorship. It is held "per tout et non per my," that is, each spouse is seized of the whole and not of any divisible fraction. While they continue as husband and wife, neither may destroy the tenancy or alienate any portion of it for his or her own exclusive benefit without the consent of the other. *Blumner v. Metropolitan Life Insurance Co.*, 362 Pa. 7, 66 A.2d 245 (1949); *United States National Bank v. Penrod*, 354 Pa. 170, 47 A.2d 249 (1946); Phipps, "Tenancy by Entireties" 25 Temple L.Q. 24 (1951); "The Power in a Husband and Wife holding Property by the Entirety;" 57 Dickinson L.Rev. 356 (1955); 18 Pa. Law Encyclopedia §§ 6–10 and cases cited therein.

However, if one spouse does in any way prejudice the rights of the other in such property, the latter has the right to demand an accounting, to have severed all entireties property held by them and to have awarded to him in his own right one half of it.

*Spinelli v. Spinelli*, 264 F.Supp. 107, 109 (E.D.Pa.1967). *See also*, 8 Sum.Pa.Juris. §§ 216–85 (1954). Thus, it is clear that under Pennsylvania law the debtor has an interest either in the entire $8,500 or, at least, in half of it, or $4,250.[4] Therefore, the debtor has an equity in his residence and the automatic stay should not be modified pursuant to section 362(d)(2).

The bank argues, however, that we must first determine the debtor's interest in the property (which the bank asserts is half the value of the property or $12,500) before assessing the $16,500 worth of liens against it. Using the bank's computations, there would be no equity for the debtor in that property. However, we do not agree with the bank's reasoning. The $16,500 of mortgages and liens are joint debts of the debtor and his wife and, consequently, are charges on the entire property (the wife's interest as well as the debtor's) and not on the debtor's interest alone. Further, as noted above, the Pennsylvania law on tenants by the entirety provides that the debtor has an interest in the *entire* property, not just half, unless he does something to prejudice the rights of his spouse in that property. Since the debtor herein has not, to our knowledge, done anything to prejudice the rights of his wife in their residence, it is not clear to us that his interest in the property amounts to only $12,500. We thus conclude that section 362(d)(2) does not require us to modify the automatic stay with respect to the debtor's residence since he has equity in that property.

With respect to section 362(d)(1), we conclude that the bank is adequately protected since it has a second mortgage of $2,500 behind a first mortgage of $6,500 on property worth $25,000. Therefore, there is an equity cushion of at least $16,000 in that property which protects the bank's interest. See, e. g., *In re Tucker*, 5 B.R. 180 (Bkrtcy. S.D.N.Y.1980) (the debtor's $6,500 exempted interest in her residence could itself be considered an equity cushion that protects the mortgagee). Because no other reasons have been advanced as to why the stay should be modified, we will deny the bank's requested relief.

---

4.  The debtor apparently claims whatever interest he has in his residence as exempt pursuant to section 522(d)(1). 11 U.S.C. § 522(d)(1). *Cf.* *In re Levy Ford, Jr.*, 3 B.R. 559 (Bkrtcy.D.Md. 1980).