**In the Matter of Stanley T. IGNASIAK and Mary Lou Ignasiak, Debtors.**

**Bankruptcy No. 82–01440–W.**

United States Bankruptcy Court, E. D. Michigan, S. D.

Aug. 25, 1982.

R. Scott Vanderford, Detroit, Mich., for debtors.

William A. Winshall, Southfield, Mich., for trustee.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

This matter comes before the Court upon a motion for rehearing filed by the debtors, Stanley and Mary Lou Ignasiak.

The debtors filed a joint petition for bankruptcy on March 12, 1982. In their statement of property, filed with the petition as schedule B–4, the debtors each claimed an exemption for one-half of a 1981 income tax refund and one-half of the equity in residential property owned as tenants by the entirety.

On April 16, 1982, the trustee filed an objection to the exemption of the income tax refund claimed by Mary Lou Ignasiak. On April 28, 1982, the debtors moved to amend their schedules. Stanley Ignasiak sought to increase his exemption in the income tax refund and to decrease his exemption in the residence. Mary Lou Ignasiak sought to withdraw her claimed exemption in the 1981 tax refund and to increase her exemption in the residence.

At a hearing held on May 3, 1982, the trustee objected to the petition to amend the schedules, as well as to the original claim of exemption by Mary Lou Ignasiak for one-half of the 1981 tax refund. By order entered June 15, 1982, the Court denied the claim of exemption by Mary Lou Ignasiak in the 1981 income tax refund. The Court further ruled that the claim of exemption by Mary Lou Ignasiak in the residence was limited to a one-half interest in the equity.

On July 27, 1982, a rehearing was held on the issue presently before the Court: the amount of the debtor Mary Lou Ignasiak's exemptable interest in the residence held as a tenancy by the entirety.

■ The nature of a debtor's interest in property held as a tenant by the entirety is determined by non-bankruptcy law. *In Re Ford*, 3 B.R. 559 (Bkrtcy.D.Md.1980), *affirmed sub nom, Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). The nature of an estate by the entirety in Michigan has been summarized as follows:

> This brings us to a consideration of the status of the property owned by Veda and Harold Bauman as tenants by the entireties. The incidents of such an estate have been repeatedly considered and discussed by this Court and by other courts throughout the country. In 41 C.J.S. [Husband and Wife] p. 457, it is said:
>
>> An estate by entirety is sometimes regarded as a species of, or modified form of, joint tenancy, the modification being rendered necessary by the common-law theory that husband and wife are but one person. The unities of time, title, interest, and possession are common to both estates but in an estate by entirety there is an additional unity, namely, that of person. Strictly speaking, a tenancy by entirety is not a joint tenancy but is a sole tenancy, and, while the 2 estates resemble each other and possess some qualities in common, yet they differ both in form and substance and are distinguishable.

*Budwit v. Herr*, 339 Mich. 265, 272, 63 N.W.2d 841 (1954). The *Budwit* Court ruled that a husband who murdered his wife was entitled to an undivided half interest in the property they had originally

830

held as tenants by the entirety. The Court reasoned that the marital unity was destroyed by the criminal act of the husband.

 Similar holdings have been reached in Michigan cases involving divorce and fraud on creditors. Upon divorce, the tenancy by the entirety becomes a tenancy in common with each party owning an undivided one-half interest in the estate. *Budwit*, 339 Mich. at 273, 63 N.W.2d 841. Likewise, where a tenancy by the entirety is created to defraud a creditor, the creditor is entitled to a decree for the sale of an undivided one-half of the estate. *Newlove v. Callaghan*, 86 Mich. 297, 48 N.W. 1096, *reh. den.*, 86 Mich. 301 (1891).

In accord with the "undivided one-half interest" approach of Michigan courts is the bankruptcy decision of *In Re Jordan*, 6 B.C.D. 630, 5 B.R. 59 (Bkrtcy.D.N.J.1980), relied on by the trustee. In *Jordan*, the creditor obtained a state court judgment against the debtor, prior to the debtor filing for Chapter 13. A writ of execution was issued by the Court and levy was made on residential property of the debtor held as a tenancy by the entirety. The levy was accomplished pursuant to a New Jersey statute allowing judgment creditors to execute on entireties property. The debtor filed a complaint against the creditor seeking a declaration of his rights under the Bankruptcy Code.

The Court held that the debtor might avoid the judgment lien to the extent it impaired the $7,500.00 real property exemption he declared pursuant to 11 U.S.C. § 522(d)(1). The Court reasoned that, as the debtor owned the residential property with his spouse as a tenant by the entirety, the creditor would hold a secured claim in the amount of one-half of the equity of the home, less the § 522(f) avoidance of $7,500.00. The Court further noted that the method of valuation utilized to determine the amount of the creditor's secured claim comported with § 363(h), which permits a partition sale of entireties property.

 The filing of a petition for bankruptcy does not generally act to sever an estate by the entirety. *Ford*, 3 B.R. at 570. However, case law indicates that where an estate by the entirety is severed each spouse is deemed entitled to an undivided one-half interest in the equity of the property. It therefore follows that neither spouse may exempt more than a one-half interest in a residence held as a tenancy by the entirety.

The claim of exemption by Mary Lou Ignasiak in the residence located at 29720 Mackenzie Circle West, Warren, Michigan, is limited to the sum of FIVE THOUSAND TWO HUNDRED SIXTY ONE and 50/100 ($5,261.50) DOLLARS.[1]

So ordered.

1. Computed as follows:

| | |
|---|---|
| Market value of property: | $55,000.00 |
| Amount due mortgage: | 44,477.00 |
| Total equity: | $10,523.00 |
| One-half equity: | $ 5,261.50 |