In re Mary L. HACKETT, Debtor.

Mary L. HACKETT, Plaintiff,

v.

COMMERCIAL BANKING CORP., Girard Trust Bank and Commonwealth of Pennsylvania Department of Public Welfare, Defendants.

Bankruptcy No. 79–02091K.
Adv. No. 80–0026K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 15, 1982.

Andrew Schwartz, Philadelphia, Pa., for Commercial Banking Corp.

Henry J. Sommer, Philadelphia, Pa., for debtor/plaintiff.

## OPINION

WILLIAM A. KING, JR., Bankruptcy Judge.

This case reaches the Court on a motion for reconsideration of the Opinion and Order filed on August 24, 1982. *See, In re Hackett,* 13 B.R. 755 (Bkrtcy.E.D.Pa.1981). The facts of the case are set out at length in the original Opinion and the Court sees no reason for an exhaustive repetition. Suffice it to say that the Court, in the original Opinion, declined to avoid a judicial lien on the debtor's residence on the basis that the exemption was not impaired as required by the Bankruptcy Code. See, 11 U.S.C. § 522(f). The debtor filed a motion for reconsideration on the basis that the judgment was founded on an error of law. After review of the memorandum of law submitted by the debtor, the Court will deny the motion for reconsideration and affirm the original ruling.[1]

In the motion for reconsideration, the debtor raises two (2) main issues where she alleges the Court to be in error. First, the debtor argues that federal law determines the nature and extent of the debtor's interest in the property. Under this hypothesis, the debtor asserts that the Bankruptcy Code and not the law of the Commonwealth controls this question. The debtor owns property as a tenant by the entireties, however, she filed the petition as an individual. The Bankruptcy Code, according to the debtor's interpretation, mandates that the interest of the debtor is only one-half of the value of the property.

■ This conclusion is incorrect. State and not federal law determines the nature and extent of the debtor's interest in the property in a proceeding under the Bankruptcy Code. *See, Butner v. U. S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re DiToro,* 22 B.R. 392, 9 B.C.D. 534 (Bkrtcy. E.D.Pa.1982); *In re Lloyd,* 18 B.R. 624 (Bkrtcy.E.D.Pa.1982). The reasoning behind this policy is that property interests are created and defined by state law. Absent some overriding federal interest, the Bankruptcy Court should not analyze these interests any differently. *In re Lloyd, supra,* at p. 625.

■ Under the law of Pennsylvania, each spouse is seized of the whole and not of any fraction of the property. *Spinelli v. Spinelli,* 264 F.Supp. 107, 109 (E.D.Pa.1967); *In re Barsotti,* 7 B.R. 205, 208 (Bkrtcy.W.D.Pa. 1980). The Court, therefore, concluded that the debtor's interest in the premises was the entire value of the property. *See, In re Hackett, supra* 13 B.R. at p. 756.

The second assignment of error is that the Court ignored the import of several reported decisions on this subject. After due consideration of the cases cited by the debtor, the Court finds the debtor's assertion to be unpersuasive. Nearly every case upon which the debtor places her reliance is distinct from the case at bench.

The debtor has directed the Court's attention to the California case of *In re Smith,* 8 B.R. 375 (Bkrtcy.S.D.Calif.1980). This case, however, is completely inapplicable to the issue in the instant proceeding. California is a community property state and any ruling regarding the nature of such property

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

would have no weight of authority regarding property held by the entireties.

The debtor also cites two (2) Opinions from our brethren of the Bankruptcy Court of New Jersey. Although these cases address issues similar to the question presented in this matter, they are insufficient to persuade this Court to reverse its previous ruling. The case of *Matter of Loeber,* 12 B.R. 669 (Bkrtcy.D.N.J.1981) is factually distinct from the case at bar. The Court in *Loeber* was confronted with the problem of determining a value for a dower interest. The discussion of tenancy-by-the-entireties was a secondary matter. The other New Jersey case, *Matter of Jordan,* 5 B.R. 59 (Bkrtcy.D.N.J.1980), is equally unpersuasive. In the *Jordan* case the creditor held a judgment against only one spouse and the Court determined the interest of the holder of this judicial lien as against property held by the entireties. The case *sub judice* involves a defendant which holds a judgment against both spouses. Thus, aside from any distinctions arising from New Jersey substantive law, applying the rationale of the Jordan case would be inappropriate.

The case at bench involves an individual debtor seeking to avoid a lien on entireties' property by asserting that her interest is only one-half the value of the premises. As stated before, this conclusion is not in accord with Pennsylvania law. Even if the Court were to permit this hypothetical subdivision, the lien of the defendant would still attach to the husband's interest. The judgment, therefore, would remain as a lien on the property.

In conclusion, the Court, finding that the lien of the defendant cannot be avoided, an Order will be entered denying the motion for reconsideration.