## In re Arthur O. DIONNE, Jr., Debtor.

### Bankruptcy No. 8300254.

United States Bankruptcy Court,
D. Rhode Island.

June 6, 1984.

Avram N. Cohen, Providence, R.I., for debtor.

Robert N. Huseby, Letts, Quinn & Licht, P.C., Providence, R.I., for Citizens Trust Co.

### DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The debtor has filed a motion to avoid a judicial lien which he alleges impairs an exemption to which he would have been entitled under 11 U.S.C. § 522(b) and (d), and Citizens Trust Co. (Citizens), the lienholder, objects on the ground that "the debtor has failed to establish that the lien impairs the exemption" to the extent claimed by the debtor. Because the debtor may avoid a judicial lien only to the extent of his allowable exemption, and because his exemption is dependent on the amount of his equity in the residence which he owns with his wife as tenants by the entirety, the issue is the amount of the debtor's equity in the entireties property.

On March 30, 1983, Citizens obtained a judgment against Arthur Dionne in the amount of $11,601.39, and on April 5, 1983, Citizens had a writ of attachment placed on real estate owned by Dionne and his wife as tenants by the entirety. On April 6, 1983, Arthur Dionne (but not his wife) filed a Chapter 7 petition. After a pre-trial conference on the debtor's motion to avoid Citizens' judicial lien, the Court requested that the parties file memoranda addressing the issue of tenancies by the entirety, as it relates to this proceeding. Because the memoranda covered several points, including the debtor's contention that the attachment constituted a preference (11 U.S.C. § 547), and because the trustee similarly indicated that Citizens' lien appeared to be a voidable preference, the Court entered an order on May 1, 1984, postponing decision on the debtor's motion, pending the anticipated filing by the trustee of a complaint on the preference issue. The trustee has since informed the Court, however, that because the debtor, through his statutory exemption, would receive all or most of the benefit of a preference action, it is not his intention to file a complaint to avoid Citizens' lien on preference grounds.

Contrary to the bank's assertion that only the trustee may avoid such a transfer, Citizens' Reply Brief at 5, section 522(h) of the Bankruptcy Code provides that if the trustee does not attempt to avoid the transfer, the debtor may do so to the extent of

his allowable exemptions.[1] 11 U.S.C. § 522(h); 3 Collier on Bankruptcy ¶ 522.-29[1] (15th ed. 1984). In this case the debtor's exemption in real property is totally dependent on the amount of *his* equity in a residence which he and his wife hold as tenants by the entirety. It is this issue that must necessarily be resolved before addressing the debtor's motion to avoid Citizens' lien to the extent that it impairs the debtor's exemptions, pursuant to 11 U.S.C. § 522(f).

The parties agree that there is a total of $9000 equity in the subject real estate, and that the debtor's share of the equity is property of the estate pursuant to 11 U.S.C. § 541. Citizens concedes that the debtor may "exclude from the estate that portion of his interest which does not exceed $7,500 [the exemption claimed pursuant to § 522(d)(1) ]," Citizens' Brief at 2, but contends that "the debtor's interest includes *all* of the equity in the [entireties] property." *Id.* at 3 (emphasis added). Although creditors generally take the position that the debtor's equity is minimal, here it is in Citizens' interest to argue that the debtor has the full $9,000 in equity, and not half of that figure. If 100% of the equity is allocated to the debtor, the result is as follows:

$9,000 Debtor's equity
−7,500 Exemption (§ 522(d)(1))
$1,500 Amount which remains subject to Citizens' lien[2]

1. 11 U.S.C. § 522(h) provides as follows:
   (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this [title]; and
   (2) the trustee does not attempt to avoid such transfer.

2. Citizens contends that $1,500 is the remaining equity subject to its lien. Citizens' Brief at 5.

3. Any division of the $9,000 equity between the spouses that results in an allocation to the debtor of no more than $7,500 leads to the same

In contrast, if only half[3] the equity in the entireties property is allocated to the debtor, there is no equity remaining to which the lien can attach:

$4,500 Debtor's share of equity
−7,500 Exemption
— No remaining equity subject to Citizens' lien

Citizens cites a Pennsylvania case, *In re Barsotti*, 7 B.R. 205 (Bankr.W.D.Pa.1980), in support of its contention that all of the equity in entireties property should be allocated to the debtor. A similar position is taken by other Pennsylvania courts; *see, e.g., Hackett v. Commercial Banking Corp. (In re Hackett)*, 13 B.R. 755 (Bankr. E.D.Pa.1981), *motion for reconsideration denied*, 23 B.R. 710 (1982). The *Hackett* court, applying Pennsylvania law, concluded that the debtor's interest in entireties property "was the entire value of the property," 23 B.R. at 711, and distinguished a contrary holding in *Jordan v. Borda (In re Jordan)*, 5 B.R. 59 (Bankr.D.N.J.1980). The *Jordan* case, however, is factually closer to the case at bar, because *Jordan* involved a creditor with a judgment against only one spouse, whereas the *Hackett* case involved "a defendant which [held] a judgment against both spouses." *In re Hackett, supra*, 23 B.R. at 712. The *Jordan* court noted that in the event of a liquidation, "Section 363(h)[4] of the Code would, in

result: there is no remaining equity which will be subject to Citizens' lien.

4. Section 363(h) of the Bankruptcy Code provides:
   (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or *tenant by the entirety*, only if—
   (1) partition in kind of such property among the estate and such co-owners is impracticable;
   (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

effect, permit the Court to conduct a partition sale of both the estate's and co-owner's interest in the property. Such a sale has the effect of dividing the equity between the husband and wife." *In re Jordan, supra,* 5 B.R. at 62.

A Michigan bankruptcy court, relying on both state law and the reasoning of the *Jordan* decision, concluded that "where an estate by the entirety is severed each spouse is deemed entitled to an undivided one-half interest in the equity of the property. It therefore follows that neither spouse may exempt more than a one-half interest in a residence held as a tenancy by the entirety." *In re Ignasiak,* 22 B.R. 828, 830 (Bankr.E.D.Mich.1982).

Rhode Island law on tenancies by the entirety does not appear to be identical to the law of any of the states in the cases cited. An early Rhode Island decision commented on the "absence of any legislation or decisions expressly relating to such estates," *Van Ausdall v. Van Ausdall,* 48 R.I. 106, 109, 135 A. 850 (1927), and Rhode Island courts dealing with tenancies by the entirety have therefore based decisions on common law rather than legislation. *E.g., Cull v. Vadnais,* 406 A.2d 1241, 1244 (R.I. 1979).[5]

Although Rhode Island case law follows the traditional commonlaw conception that generally "tenants by the entirety are each presently seized and possessed of an interest in the entire estate," *Cull v. Vadnais, supra,* 406 A.2d at 1245, we cannot agree with Citizens that it inevitably follows that in this case 100% of the equity must be allocated to the debtor. In a bankruptcy context, there are significant logical and/or equitable impediments to allocating all of the estate to one of the tenants, and the application of the approach advocated by Citizens would result in curious practical problems. For example, if *all* of the equity in the entireties property were allocated to the debtor's interest, and if his spouse filed a Chapter 7 petition the next day, would *another* 100% of the equity then be allocated to the wife?

Additionally, there are various circumstances in which an estate held by the entirety can, in effect, be partitioned. The Bankruptcy Code provides for the sale of entireties property in some circumstances. *See* 11 U.S.C. § 363(h) and *In re Jordan, supra.* Furthermore, divorce destroys an entireties estate, *Van Ausdall v. Van Ausdall,* 48 R.I. 106, 108, 135 A. 850 (1927), and presumably leads to an allocation of the equity between the tenants. Finally, spouses who hold property as tenants by the entirety may of course jointly dispose of the property. In any of these events, a prior determination by a bankruptcy court that 100% of the equity should be allocated to one of the co-tenants, without consideration of the rights of the nondebtor spouse, would either deprive that spouse (and possibly his/her creditors) of property rights without due process, or would be at odds with both the equitable and the actual division of the equity between the co-tenants.

Accordingly, we conclude that for the purpose of determining the debtor's exemption in entireties property, one-half of the

---

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. (Emphasis added.)

**5.** Recent Rhode Island decisions have held that a creditor of one spouse may attach entireties property, but that the attachment may not be levied and implemented by execution until and unless the debtor spouse survives the nondebtor spouse. *In re Gibbons,* 459 A.2d 938 (R.I.1983);

*Cull v. Vadnais,* 406 A.2d 1241 (R.I.1979). We do not agree with Citizens, however, that these decisions "mean that in the instant case, the judicial lien will have no force and effect unless the debtor survives his spouse." Citizens' Brief at 5. The *Gibbons* case establishes that "after a valid attachment of the husband's interest in a tenancy by the entirety," that attachment "is not defeated by a conveyance of the property." *In re Gibbons, supra,* 459 A.2d at 939–40. In view of this holding, which preserves the attachment after a joint conveyance to a third party, it can hardly be said that Citizens' lien has "no force and effect unless the debtor survives his spouse."

equity in the subject property should be allocated to the debtor. In this case, that equity is $4,500, all of which is exempt pursuant to 11 U.S.C. § 522(d). Citizens concedes that it may retain its lien only on that portion of the debtor's equity that exceeds his exemption. Citizens' Brief at 5. Because there is no excess equity, and because the lien would impair the debtor's exemption, Citizens' lien is avoided pursuant to § 522(f)(1),[6] and the debtor's motion to avoid Citizens' lien is granted.[7]

Enter Judgment accordingly.

---

**6.** 11 U.S.C. § 522(f)(1) provides as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien. . . .

**7.** Although the debtor is granted the relief sought, it is not for any reasons advanced by the debtor. The only discussion in his two memoranda of the debtor's exemption of his entireties interest involves a brief analysis of 11 U.S.C. § 522(b)(2)(B). This provision applies only to debtors who have chosen state-law exemptions, whereas here the debtor has selected the federal exemptions listed in § 522(d).