**In re John F. PANAS, Debtor.**

**Bankruptcy No. 85–03208G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 8, 1986.

Joseph A. Goldbeck, Jr., Gary E. McCafferty, Philadelphia, Pa., for movant, Carondelet Sav. and Loan Ass'n.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for debtor, John F. Panas.

James J. O'Connell, Philadelphia, Pa., Standing chapter 13 trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for resolution is whether we should grant a mortgagee's motion for relief from the automatic stay under 11 U.S.C. § 362(d) of the Bankruptcy Code ("the Code") in order to allow it to foreclose its mortgage on the basis that the debtor has failed to make adequate periodic payments on the debt. For the reasons outlined below, we will grant the motion for relief from the automatic stay.

The facts of this controversy are as follows:[1] Fourteen years ago the debtor borrowed $10,350.00 from a lender, in exchange for which the debtor granted the lender a twenty five year purchase money mortgage on a parcel of realty. Several years later the note and mortgage were assigned to the movant, Carondelet Savings and Loan Association ("Carondolet"). Monthly mortgage payments on the loan equal $127.00. Some type of repayment insurance apparently protects Carondolet, although the terms of any such policy have not been clarified to us.

In August of 1985 the debtor filed a petition for the adjustment of his debts under chapter 13 of the Code. The debt-

tive application of the statute does not present constitutional difficulties.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**638**

or's chapter 13 statement indicates that as of that time, the *debtor was 43 months in arrears on his mortgage payments.* The debtor's chapter 13 plan, which is not yet confirmed, provides for the payment of $5.00 per month for the first six months, and $230.00 per month for the remaining 54 months of the plan. If the debtor complies with the plan, and makes all requisite current payments on the mortgage "outside" the plan, the debtor will be current on the mortgage with the final payment on the plan.

For at least ten months since the filing of the petition the debtor has not made a single payment on the mortgage. In April of this year the debtor did tender Carondolet $820.00 to cover six and one-half months of payments on the mortgage. Carondolet refused the tender and moved for relief from the automatic stay imposed by 11 U.S.C. § 362(a).

At the hearing on the motion for relief from the automatic stay, the debtor entered an offer of proof as to the value of the property and the value of the repairs he has made to the premises since the filing of the petition. Although we sustained an objection to the introduction of the proffered evidence, had it been successfully admitted, we would have accorded it very low credibility. Furthermore, the terms of the mortgage insurance policy were not adequately specified nor clarified, and we accordingly afford the policy little sway in our determination.

The filing of a petition under the Code gives rise to an automatic stay which generally bars debt collection efforts against the debtor, his property and property of his bankruptcy estate. 11 U.S.C. § 362(a). Relief from the stay may be granted by the bankruptcy court under § 362(d) [2]. Under § 362(d)(1) relief may be granted "for

cause, including the lack of adequate protection...." Lack of adequate protection is but one cause for granting relief, and the case law has established numerous other "causes." We have held numerous times that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan may constitute "cause" for relief under § 362(d)(1). *Royal Bank of Pennsylvania v. Three Tuns, Inc.* (In Re Three Tuns, Inc.) 35 B.R. 110, 111 (Bankr.E.D.Pa.1983); *In re Graves,* 59 B.R. 928 (Bankr.E.D.Pa.1986); *Ukrainian Savings and Loan Assoc. v. Trident Corp.,* 22 B.R. 491, 495 (E.D.Pa. 1982) (per the late Chief Judge Luongo).

As applied to the case at hand the debtor is in arrears on the mortgage to the extent of 43 prepetition payments and at least ten postpetition payments. We conclude that this default constitutes "cause" for relief from the stay under § 362(d)(1), notwithstanding the tender of partial payment, the possible insurance coverage and the value of the premises.

We will accordingly enter an order granting Carondolet its motion for relief from the automatic stay.

---

**2.** (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1).