**In re John F. PANAS, Debtor.**

**Bankruptcy No. 85–03208G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 31, 1986.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for the debtor/movant, John F. Panas.

Gary E. McCafferty, Philadelphia, Pa., for Carondelet Sav. & Loan Ass'n.

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue at bench is the value of a mortgagee's interest under 11 U.S.C. § 506(a) of the Bankruptcy Code ("the Code") in property owned by the debtor and his non-debtor spouse as tenants by the entireties, when the mortgage lien extends to *both* husband and wife. For the reasons set forth below, we conclude that the estate's interest in the entireties property should be measured in terms of the value of the *whole* property for the purpose of determining the extent of a mortgagee's secured claim under § 506(a).[1]

The facts of this case are as follows:[2] In 1972, the debtor and his wife executed and delivered a first mortgage upon property owned by them as tenants by the entireties, which mortgage was subsequently assigned to Carondelet Savings and Loan Association ("Carondelet"). In July, 1985,

---

1. In so holding, we will vacate that portion of our order dated July 2, 1986, in which we inadvertently included an erroneous valuation of Carondelet's interest in the subject property. The order was entered in response to a certificate of no objection whereby we avoided the liens of the Commonwealth Department of Health and Welfare and the City of Philadelphia. The portion of the order which refers to Carondelet will hereby be vacated.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

due to non-payment under the terms of the mortgage, Carondelet was granted judgment in mortgage foreclosure against both the debtor and his spouse. However, Carondelet was unable to proceed with a scheduled sheriff's sale due to the filing by the debtor of the instant petition under chapter 13 of the Code. (The debtor's spouse did not join in the petition).

Due to the debtor's failure to make post-petition payments, the mortgagee filed a motion for relief from the automatic stay under § 362 of the Code. After a hearing held in August, 1986, we granted Carondelet's request for relief in order to allow it to proceed with its foreclosure action in state court. 63 B.R. 637. Thereupon, the debtor filed the instant motion requesting that this court determine the value of Carondelet's interest in the entireties property under § 506(a) of the Code, and to avoid Carondelet's lien on said property under § 506(d) to the extent that it exceeded that amount. The parties have stipulated that the property is entireties property, and that its fair market value is $10,000.00.[3]

Section 506(a) of the Code, which governs the scope and extent of a creditor's secured claim, provides in pertinent part:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest....*is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest....is less than the amount of such allowed claim.* Such value shall be determined in light of the purpose of the valuation and of the

proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

*Id.* (emphasis added). *See also In re Everett,* 48 B.R. 618, 619 (Bankr.E.D.Pa.1985) (§ 506(a) bifurcates a creditor's claim against the estate into secured and unsecured components.... when a mortgage secures a debt which is in excess of the value of the secured property, the excess is not an allowed secured claim but is rather an allowed unsecured claim). In order to determine the extent of a secured creditor's interest in the debtor's property, the language of § 506(a) provides that the court must first evaluate the extent of the estate's interest in such property. In the case at bench, the debtor argues that, because he owns the property as a tenant by the entirety, the estate's interest in the property should be valued at one-half ($\frac{1}{2}$) the market value or $5,000.00. The debtor therefore contends that Carondelet would be secured only to the extent of $5,000.00 and the remainder of Carondelet's lien would be avoided under § 506(d).[4]

In support of his contention, the debtor cites numerous cases in which courts have valued a debtor's interest in entireties property at one-half ($\frac{1}{2}$) the market value. However, none of these cases apply to the unique situation at hand where a creditor's *secured claim* extends to *both* tenants by the entireties. The cases primarily relied on by the debtor involve the determination of a debtor's exemption in entireties property under § 522(d) of the Code and the extent to which a judicial lien against the

---

**3.** The parties have also stipulated that at the commencement of the case the property and the debtor's interest in that property were encumbered by a statutory tax lien in favor of the City of Philadelphia in the amount of $1,155.74 and by a mortgage in the amount of over $9,900.00 in favor of Carondelet. The parties have further stipulated that to the extent the court's decision in this case reduces Carondelet's lien by the amount claimed by the City, Carondelet will get credit for so much of the $1,155.79 claimed by the City which Carondelet can show it has paid. Carondelet's lien on the debtor's interest in the property will be increased to the extent it can

show that the City's lien has been diminished by payments from Carondelet.

**4.** Section 506(d) provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

debtor *only* can be avoided under § 522(f). For instance, the debtor cites *In re Dionne*, 40 B.R. 137 (Bankr.D.R.I.1984), which held that for the purpose of determining a debtor's exemption in entireties property under § 522(d), one-half of the subject property should be allocated to the debtor. *Id.* at 139–40. In *Dionne*, there was a judgment lien on the entireties property against the debtor only, and the court held that the lien could be avoided pursuant to § 522(f) to the extent that it impaired the debtor's exemption. *Id.* at 140. In support of its holding, the *Dionne* court relied on *In re Jordan*, 5 B.R. 59 (Bankr.D. N.J.1980) and *In re Ignasiak*, 22 B.R. 828 (Bankr.E.D.Mich.1982), two decisions which were also cited by the debtor in the case at bench. In *Jordan*, the debtor sought a determination of the value of a judicial lien creditor's claim under § 506 of the Code, and held that the subject claim should be at one-half of the equity remaining in the premises after deducting the amount due on the first mortgage. *Id.* at 62. In so holding, the court noted that the judgment creditor had a lien only against one spouse's interest in the entireties property. Under state law, such a lien would merely enable the creditor to obtain the debtor's right of survivorship and the debtor's interest as a tenant in common with the non-debtor spouse, for the joint lives of the spouses. The creditor could neither cause a physical partition of the property nor a partition by sale of the life estate. *Id.* Thus, the *Jordan* court reasoned that if the value of the debtor's interest in the entireties property under § 506(a) were to be

measured as the *entire* value of the equity for the purpose of determining the judgment creditor's secured claim, the judgment creditor would be given *more* than what he could obtain by enforcing his state law rights. *Id.* The court noted that even by valuing the debtor's interest at one-half, the creditor still obtains more than he would have received under state law because state law forbids the partitioning of entireties property. *Id.* Nevertheless, the *Jordan* court permitted the creditor's secured claim to be measured under § 506 in terms of the debtors one-half interest, reasoning that it was consistent with what creditors could expect to receive in the event of a chapter 7 liquidation. *Id.* The court stated that § 363(h) of the Code would permit a partition sale of both the estate's and co-owner's interest in the property, and such a sale would have the effect of dividing the equity between the husband and wife. *Id.*

Similarly, in another case cited by the debtor in the instant proceeding, the court in *In re Ignasiak*, 22 B.R. 828 (Bankr.E.D. Mich.1982), relied on the reasoning in *Jordan* and concluded that "where an estate by the entirety is severed each spouse is deemed entitled to an individual one-half interest in the equity in the property. It therefore follows that neither spouse may exempt more than a one-half interest in a residence held as a tenancy by the entirety." *Id.* at 830.

The aforementioned decisions relied on by the debtor in the instant case are clearly distinguishable from the facts at bench.[5]

---

**5.** The debtor in the case at bench cites to other cases to support his theory which we find equally distinguishable and inapposite: *In re Odegaard*, 31 B.R. 718, 720 (Bankr.D.Ore.1983) (for purpose of lien avoidance under § 522(f), the value of the debtor's interest in entirety property is equal to the value of the expectancy interest that could be sold under applicable state law which value was "far less" than one-half of the value of the property). *Odegaard* involved a judgment lien against one spouse *only* whereas here the mortgagee in the instant case has a lien agreement against *both* tenants by the entirety. The debtor also cites *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984) for the proposition that the value of one spouse's

interest in entireties property is one-half the value of that property. However, these valuations were made to determine the damages a bank had to pay to the wife for mishandling of a bank account held by the entireties, and such valuations were only arrived at after the tenancy by the entireties was terminated under state law. There is no such severance in the instant case and the law of Pennsylvania is well settled that neither spouse, acting independently, may dispose of any portion of the estate so as to effect a partition or severance. *In re Cipa*, 11 B.R. 968, 971 (Bankr.W.D.Pa.1981); *Wallaesa v. Wallaesa*, 174 Pa.Super. 192, 100 A.2d 149 (1953).

The facts in *Dionne, Jordan,* and *Ignasiak* involved judgment liens against only *one* debtor spouse, and under § 522 the courts were compelled at best to value the debtor's interest in entireties property at one-half the market value. Otherwise, the judgment creditor would be given far more in bankruptcy than what it could obtain by enforcing its state law rights. In the case at bench, however, the creditor's lien extends to *both* tenants by the entireties and under state law the creditor would be entitled to foreclose against the *entire* property. Consequently, if we follow the *Dionne* line of cases and value the estate's interest under § 506(a) as one-half the market value, the secured creditor would receive *less* in bankruptcy than it would receive under state law. We believe that this result is inconsistent with the Bankruptcy Code's policy of protecting secured creditors, and therefore we conclude that the estate's interest in entireties property under § 506(a) should be measured in terms of the entire value of that property where the lien extends to both husband and wife.

The instant case is one of first impression, but our decision is supported by both the language of § 506(a) and case law involving joint creditors. Section 506(a) states that the value of a secured creditor's interest in the estate's interest in the subject property "*shall be determined in light of the purpose of the valuation and of the proposed distribution or use of such property ....*" 11 U.S.C. § 506(a) (emphasis added). The legislative history to this section clearly indicates that courts are to determine value on a case by case basis in accordance with the surrounding facts and circumstances. *See* Senate Report No. 95–989, 95th Cong., 2d Sess. 68 (1978), U.S. Code Cong & Admin.News 1978, p. 5787. Therefore, given the unique circumstances of the case at bench, this court has broad authority under § 506 to value the debtor's interest in the entireties property in terms of its entire market value.

Although there are no cases which present the same issue as that which is before us in the instant proceeding, there are a number of cases which examine the treatment of entireties property under § 522 where a creditor obtains a joint judgment against both husband and wife. We find that the policy considerations in those cases are equally applicable here. In *Napotnik v. Equibank and Parkvale Savings Ass'n.,* 679 F.2d 316 (3d Cir.1982), the United States Court of Appeals for the Third Circuit held that under Pennsylvania law a creditor with a joint judgment against both spouses could levy upon the entireties property itself, and because the interests of both the debtor and his non-debtor wife were available to the creditor, the debtor's interest in the entireties property was not exempt from process under state law and therefore he was not entitled under § 522(b)(2)(B) to exempt his portion of the equity subject to the judicial lien. *Id.* at 321. In *Napotnik,* a creditor obtained a joint judgment lien on entireties property against the debtor and his non-debtor spouse, and the debtor argued that the entire value of the property should be exempt under § 522(b)(2)(B) of the Code. However, the Third Circuit court disagreed with the debtor's contention on the ground that his interest in the entireties property was not exempt from process under state law because he and his spouse were joint obligors. *Id.* at 321. *See also In re Riley,* 48 B.R. 194, 196 (Bankr.E.D.Pa.1985) (entireties property subject to the lien of a creditor with a joint judgment against husband and wife may not be exempt under § 522(b)(2)(B)).

Similarly, in *Liberty State Bank and Trust v. Grosslight,* 757 F.2d 773 (6th Cir. 1985), the Court of Appeals for the Sixth Circuit followed the reasoning in *Napotnik* and held that an individual debtor's interest in that portion of entireties property reachable by joint creditors was not exempt under § 522(b) of the Code. *Id.* at 776. The court stated that while ordinary creditors cannot reach interests in entireties property under state law, joint creditors *can* reach entireties interests and therefore the debtor's interest in entireties property should not be exempt. *Id.* The *Liberty* court did note, however, that the Fourth

Circuit, while ultimately reaching the same result as in *Napotnik,* employs different reasoning and has held that since a joint creditor cannot levy on a debtor's interest in entireties property, but only on the property itself, the whole interest should be exempt under § 522(b)(2)(B). *Id.* (citing *In re Ford,* 3 B.R. 559, 576 (Bankr.D.Md.1980) *aff'd on the opinion of the bankruptcy court sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). To prevent injustice, however, the Fourth Circuit has developed a procedure wherein discharge is deferred and joint creditors are granted relief from the automatic stay in order to proceed against entireties property in state court. *See Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985); *Sovran Bank v. Anderson,* 743 F.2d 223, 224 (4th Cir.1984); *Chippenham Hospital v. Bondurant,* 716 F.2d 1057, 1059 (4th Cir.1983); *accord D'Avignon v. Palmisano,* 34 B.R. 796, 800 (Bankr.D.Vt.1982)

Finally, in *In re Hockstein,* 7 B.R. 261 (Bankr.E.D.Pa.1980), we stated that for the purposes of determining equity under § 362(d)(2) in entireties property where both husband and wife are jointly liable on the mortgage, the debtor has an interest in the *entire* property, not just half, unless he does something to prejudice the rights of his spouse in that property. *Id.* at 263.

The above cases illustrate the principle that a debtor should not be permitted to use the Code's exemption and avoidance powers to reach what is clearly an improper result. *See Sumy v. Schlossberg,* 777 F.2d 921, 929 (4th Cir.1985). Such an inequitable result is reached when a joint creditor is unable to proceed against entireties property in accordance with state law because one spouse is discharged and/or his interest is erroneously exempted in a bankruptcy proceeding. Although the instant case does not involve a debtor's attempt to exercise exemption and avoidance powers under § 522 of the Code, it does involve the exercise of avoidance powers under § 506(d), and we find that the policy considerations in the aforementioned cases are equally applicable here.

The debtor in the case at bench seeks to avoid a part of the mortgagee's lien on the ground that the estate's interest in the entireties property should be one-half the market value of said property. More specifically, Carondelet has a secured claim of approximately $9,900.00, and the fair market value of the property is $10,000.00. The debtor claims that the estate's interest under § 506 is only $5,000.00 and, therefore, Carondelet's lien securing its $9,900.00 claim should be avoided to the extent that it exceeds that amount. The effect of the debtor's claim, however, would be to give the mortgagee far less in bankruptcy than what it could obtain under state law. Here, Carondelet has a mortgage foreclosure judgment against *both* the debtor and his spouse. Under Pennsylvania law, Carondelet would be entitled to levy on the *whole* entireties property to satisfy its claim. Since the property is worth $10,000.00, Carondelet's $9,900.00 secured claim would be protected. In contrast, if we were to follow the debtor's approach under § 506(a), almost half of Carondelet's secured claim would be avoided. Moreover, assuming the debtor is ultimately discharged, Carondelet would be unable to exercise its state law rights in the subject property to satisfy its claim against the debtor's spouse because under state law entireties property cannot be partitioned. *See Spinelli v. Spinelli,* 264 F.Supp. 107, 109 (E.D.Pa.1967) (under Pennsylvania law, a tenancy by the entireties is an estate by which property is held jointly by husband and wife with the right of survivorship ... While they continue as husband and wife, neither may destroy the tenancy or alienate any portion of it for his own exclusive benefit without the consent of the other).

The debtor in the instant case should not be permitted to manipulate the Bankruptcy Code in order to achieve what is clearly an inequitable result. Carondelet is a *secured creditor* with a claim against both the debtor and his spouse, and its interest should not be reduced or adjusted merely because the debtor elected to file a single petition where the subject property is held as en-

tireties property (had the debtor and his wife filed a joint petition, Carondelet would have been protected to the full extent of the value of the property). A contrary holding would undermine both the Third Circuit's policy of protecting joint creditors (*See Napotnik v. Equibank and Parkvale Savings Association,* 679 F.2d 316 (3d Cir. 1982)), and the policy of the Code which protects the rights of those with secured interests.[6] Accordingly, the debtor's interest in the entireties property under § 506 will be measured in terms of the entire value of said property or $10,000.00, and Carondelet's lien will be protected to the extent of that amount subject to the lien held by the City of Philadelphia.[7]

---

**6.** By valuing the debtor's interest in the entireties property in terms of the *entire* market value of said property, we are also consistent with our determination in *Hockstein, supra,* that under § 362(d)(2), equity in entireties property should be measured in terms of the entire value of such

property where both spouses are joint obligors except in cases where one spouse prejudices the rights of the other. *See Hockstein, supra* at 263.

**7.** See footnote 3, *supra.*