In re Jamie M. BLAIR, Debtor.

Todd G. FINNERAN, Trustee, Plaintiff,

v.

ASSOCIATES FINANCIAL SERVICES,
et al., Defendants.

Bankruptcy No. 2–89–01244.
Adv. No. 2–89–0237.

United States Bankruptcy Court,
S.D. Ohio, E.D.

July 17, 1992.

Patricia A. Jamison, Pataskala, OH, for Jamie M. Blair.

Todd G. Finneran, Columbus, OH, Chapter 7 Trustee.

## OPINION AND ORDER ON MOTION TO DISTRIBUTE SALE PROCEEDS

BARBARA J. SELLERS, Bankruptcy Judge.

### I. Introduction

Jamie M. Blair ("Debtor") filed her petition for relief under Chapter 7 of the Bankruptcy Code on March 6, 1989. She listed on Schedule A real property located at Oakland Park Avenue, Columbus, Ohio 43209 (the "Property"). The Property was purchased on February 28, 1980 and used as a principal place of residence for the Debtor and her husband who held the Property as tenants by the entireties. The couple is presently involved in a divorce proceeding in the Franklin County Domestic Relations Court.

On July 30, 1990, Todd G. Finneran, the trustee for the Debtor's bankruptcy estate ("Trustee"), requested the Court to approve a sale of the Property free and clear of all liens. The Court granted that request, but the Trustee apparently was unable to sell the Property. TransOhio Savings Bank ("TransOhio") and Associates Financial Services ("Associates"), the holders of mortgages against the Property, requested relief from the stay to pursue foreclosure of their interests in state court. Relief was granted on June 4, 1990, and the Property was sold at a sheriff's sale on November 2, 1990. The Court of Common Pleas of Franklin County, Ohio approved and confirmed the sale in an entry filed on November 23, 1990. The Court of Common Pleas ordered the following distribution of the sale proceeds:

| Claimant | Amount |
| --- | --- |
| Clerk of Court | $ 798.90 |
| Sheriff's Deed | 25.00 |
| Poundage | 835.00 |
| Transfer Tax | 83.50 |
| TransOhio Mortgage Balance | 48,155.41 |
| Associates 2nd Mortgage Balance | 13,453.01 |
| Kenneth R. Blair Exemption | 5,000.00 |

Remaining proceeds of $15,149.18 are presently held by the Clerk of Court awaiting further order.

The Trustee, as plaintiff in this adversary proceeding, seeks an order directing the Clerk of the Franklin Court of Common Pleas to pay the Trustee the sum of $5,074.59,[1] and to leave the balance of the funds, $10,074.59, under the control of the Court of Common Pleas for allocation as that court deems fit.

The Defendant, Kenneth R. Blair, objects to the Trustee's proposed distribution. Blair claims that all of the entireties equity, minus the valid claims of joint creditors, is exempt under 11 U.S.C. § 522(b)(2)(B),[2] and the portion of the equity not exempt under § 522(b)(2)(B) is exempt under Ohio Rev. Code § 2329.66(A)(1), Ohio's homestead exemption.[3] In effect, Defendant Blair is claiming that the *cumulative* application of § 522(b)(2)(B) and his and the Debtor's homestead exemptions mandate the exemption of *all* the entireties equity ($20,149.18).

---

1. The Trustee arrived at this sum by dividing the entireties equity remaining after payment of the two mortgages and the cost of sale ($20,-149.18) into two equal parts ($10,074.59) with one part going to the estate and the other part going to Kenneth Blair. The part going to the estate, $10,074.39, is then reduced by the Debtor's exemption claimed under Ohio Rev.Code 2329.66(A)(1). The remainder is $5,074.59.

2. Section 522(b), in pertinent part, states that "an individual debtor may exempt from property of the estate ... (2)(B) any interest in property in which the *debtor* had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

3. The total entireties equity is $20,149.18. The total amount of valid joint claims is $6,320.00. The Defendant claims that $13,829.18 is exempt pursuant to 11 U.S.C. § 522(b)(2)(B), and the $6,320.00 is exempt pursuant to the Debtor and Defendant's $10,000 total exemption under Ohio Rev.Code § 2329.66(A)(1).

Applying the Defendant's proposed treatment of the entireties equity would leave nothing in the estate and would effectively preclude any recovery by joint creditors and payment of any expenses incurred by the Trustee in the administration of the joint claims.

## II. *Question Presented*

Where real property is held by a debtor and a nondebtor as tenants by the entireties, and such property is sold at a foreclosure sale prior to any abandonment from the estate, what is the proper distribution of the sale proceeds between the estate and the nondebtor co-owner?

## III. *Discussion*

■ Commencement of a case under Title 11, whether voluntarily as an individual debtor or jointly under 11 U.S.C. § 302, or involuntarily under 11 U.S.C. § 303, creates an estate "comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Unlike the Bankruptcy Act of 1898, under which the estate was determined by the debtor's prepetition power to alienate and the right of a claimant under state law to initiate process, the Bankruptcy Reform Act of 1978 and its amendments bring all legal and equitable interests held by the debtor into the estate, and then permit a debtor to assert federal and/or state exemptions under and through 11 U.S.C. § 522.

■ Although courts have differed,[4] it is now generally accepted that a debtor's interest in property held as a tenant by the entirety is an interest in the use, possession, income and/or right of survivorship in property which becomes property of the bankruptcy estate upon commencement of a case under Title 11.[5] As part of the bankruptcy estate, entireties property is subject to the control and administration of the bankruptcy court and the trustee of the estate. If liquidation of the property is necessary, the trustee may sell the property pursuant to 11 U.S.C. § 363(h).[6] Likewise, if such property is sold through a state foreclosure proceeding before it has been abandoned from the estate, net proceeds may be available for administration for the benefit of joint creditors. Such distribution could look to the instruction for distribution in § 363(h) and (j). Section 363(j) of the Bankruptcy Code requires a trustee to "distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate." Thus, under § 363(k), the trustee would subtract any cost incurred in selling the property and divide the remainder between the estate and the debtor's spouse or co-owner.

■ Division of entireties equity between the estate and the debtor's spouse or co-owner is supported by a majority of courts.[7] In *Trickett,* 14 B.R. 85, the court proposed a method of distribution which divided the entireties equity between the nondebtor spouse and the estate. The court ruled that after satisfaction of lienholders, property taxes, and expenses in-

---

4. *See In the Matter of Jeffers,* 3 B.R. 49 (Bankr. N.D.Ind.1980) and *In the Matter of Anderson,* 12 B.R. 483 (Bankr.W.D.Mo.1981).

5. *See In re Ford,* 3 B.R. 559 (Bankr.D.Md.1980) *aff'd* 638 F.2d 14 (holding that a debtor has an equitable interest in entireties property and shares in the legal interest of income); *Michigan National Bank–Michiana v. Chrystler (In re Trickett),* 14 B.R. 85 (Bankr.W.D.Mich.1981) (holding that Congress intended inclusion in estate by fact that 11 U.S.C. § 363(h), (i) and (j) set forth procedures for disposal of such property by the trustee); and *In re Barsotti,* 7 B.R. 205 (Bankr.W.D.Pa.1980) (holding that the estate includes equitable as well as legal interest, and

that debtor's expectancy interest as tenant by the entirety is an equitable interest).

6. Section 363(h) states that: "the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety...."

7. *In re Jordan,* 5 B.R. 59 (Bankr.D.N.J.1980); *Trickett,* 14 B.R. 85; *In the Matter of Ignasiak,* 22 B.R. 828 (Bankr.E.D.Mich.1982); *In re Odegaard,* 31 B.R. 718 (Bankr.D.Ore.1983); *In re Dionne,* 40 B.R. 137 (Bankr.D.R.I.1984).

curred in the sale of the property, the nondebtor's interest would be exacted. The debtor's one-half interest would then be used to satisfy joint claims of both owners after deduction of the debtor's homestead exemption and administrative expenses.

The case of *Dionne,* 40 B.R. 137, involved a debtor's attempt to avoid a judicial lien held by a joint creditor. The debtor claimed the lien impaired his homestead exemption and was avoidable under § 522(f) because only one-half of the entireties equity became part of the estate. The court's holding permitted the debtor to avoid the lien since the debtor's homestead exemption exceeded his one-half interest in the entireties property. The court reasoned that although "Rhode Island case law follows the traditional common law conception that generally 'tenants by the entirety are each presently seized and possessed of an interest in the entire estate, ... it [does not] inevitably follow[ ] that ... 100% of the equity must be allocated to the debtor.'" *Dionne,* at 140.[8] Allocating 100% of the equity would pose several practical problems.[9] Furthermore, partitioning an entireties estate is not uncommon. Divorce or joint disposal of the property results in a partition. Finally, allocating all the equity to the debtor could deprive the nondebtor of property rights in violation of due process. *Dionne,* at 140.

Finally, the court in *Ignasiak,* 22 B.R. 828, held that "filing a petition for bankruptcy does not generally act to sever an estate by the entirety but, ... where an estate by the entirety is severed, each spouse is deemed entitled to an undivided one-half interest in the equity of the property. It therefore follows that neither spouse may exempt more than one-half interest in a residence held as tenancy by the entirety." The Ignasiaks had filed a joint petition for bankruptcy. Originally, each debtor claimed exemptions for a respective one-half interest in a 1981 income tax refund and in property held as tenants by the entirety. When the trustee successfully objected to Mrs. Ignasiak's exemption in the tax return, the debtors amended their exemptions to apply Mr. Ignasiak's exemption to the tax return and Mrs. Ignasiak's exemption to the entireties property. The court disallowed the exemptions as amended and held that each debtor's exemption could be applied only to that debtor's respective one-half interest in the property.

 Applying the foregoing principles to this matter, the Trustee's proposed method of distribution is appropriate. The entireties Property became part of the estate at the time the Debtor filed for relief. Accordingly, the Property was subject to the jurisdiction and control of this Court. The Court granted TransOhio and Associates relief from stay to continue their state foreclosure action and the Property was sold at foreclosure sale for $83,500.00. The sale expenses incurred by the Clerk of the Court of Common Pleas and the sheriff were deducted, as were the mortgage liens held by TransOhio and Associates. After those deductions, $20,149.18 in total equity remains. As stated earlier, the Defendant claims that the entire equity is exempt by the cumulative application of 11 U.S.C. § 522(b)(2)(B) and Ohio Rev.Code § 2329.-66(A)(1). The Defendant's argument is misguided, however. The Trustee, in accord with a majority of cases, has determined the Defendant's interest to be one-half the total equity. Therefore, the core dispute involves the treatment of the Defendant's homestead exemption where the Defendant's interest in the entireties property is set at 50%. Although the Defendant concedes that his homestead exemp-

8. Ohio, like Rhode Island, clearly follows the common law definition adopted by a majority of jurisdictions. In *Central National Bank of Cleveland v. Fitzwilliam,* 12 Ohio St.3d 51, 465 N.E.2d 408 (1984), the Supreme Court of Ohio stated that "[i]nasmuch as no definition of this estate by the entireties is provided in the statute [Ohio Rev.Code § 5302.17] itself, the common-law definition will control."

9. The court gave the following as an example: "[I]f all of the equity in the entireties property were allocated to the debtor's interest, and if his spouse filed a Chapter 7 petition the next day, would another 100% of the equity then be allocated to the wife?"

tion is not applicable where his interest is determined to be one-half,[10] he now asserts that the homestead exemptions eliminate the $6,320.00 in equity otherwise subject to the claims of unsecured joint claims.

The homestead exemption is inappropriate in this case because the Defendant has realized his full interest in the entireties property. His interest is $10,074.59, one-half the total net equity in the proceeds from the sale of the entireties property. Since the Defendant's interest is being excluded from the estate and he is not a bankruptcy debtor, his right to assert a homestead exemption should be relegated to a proceeding in another forum where such exemption can be appropriately asserted. Therefore, the Court finds that the Defendant's interest in the proceeds is $10,074.59.

▇▇▇ After allocation of one-half the entireties equity to the Defendant, the exemptions asserted by the Debtor must be deducted from the estate's share of the remaining proceeds. Section 522(b)(2) gives a debtor a choice of the federal exemptions under § 522(d), unless the state of the debtor's domicile has "opted out," and the exemptions provided by the state of the debtor's domicile and any interest in property held by the debtor "as a tenant by the entirety or joint tenant to the extent such interest ... is exempt from process under applicable non bankruptcy law." 11 U.S.C. § 522(b)(2)(B). The "applicable non bankruptcy law." referred to in § 522(b)(2)(B) is determined by reference to state law since federal law provides no exemptions for property held in the entireties. The common law tenancy by the entirety is codified in former Ohio Rev.Code

§ 5302.17,[11] and has been the subject of numerous court decisions over the past ten years.[12] Under Ohio law, property held by the entireties is immune from process by the creditors of either individual tenant, but is susceptible to claims by joint creditors. *Fitzwilliam*, 12 Ohio St.3d 51. Hence, 11 U.S.C. § 522(b)(2)(B) does not provide an exemption for the claims of joint creditors. However, 11 U.S.C. § 522(b)(2)(A) entitles the Debtor to exemptions provided under § 522(d) or the laws of the state of the debtor's domicile. The Debtor's choice of state exemptions is compelled by the decision of the Ohio legislature to "opt-out" of the federal exemptions provided in § 522(d). Ohio provides a $5,000 homestead exemption for a debtor's interest in real property which serves as a residence and that homestead exemption is applicable against an execution to satisfy judgment claims held by either individual or joint creditors. Therefore, although 11 U.S.C. § 522(b)(2)(B) does not exempt the entireties equity from the claims of joint creditors, the homestead exemption protects $5,000 of any net equity from such claims. Accordingly, the Debtor's equity of $10,074.59 must be reduced by her $5,000 homestead exemption.

The Trustee submits that $5,074.59 is the estate's share of the proceeds from the sale of the real property. The Court finds that such computation is consistent with the preceding discussion.

### IV. *Conclusion*

For the reasons set forth above, the Court sustains the Trustee's motion for an order directing the Clerk of the Franklin County Court of Common Pleas to pay

---

**10.** Defendant's Memorandum in Opposition at 4.

**11.** Creation of a tenancy by the entireties was governed by former Ohio Rev.Code § 5302.17 enacted in 1972, which stated in part that "[a] husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, be executing a deed as provided in this section conveying their entire, separate interests in such property to themselves." In 1985, the legislature enacted the present form of § 5302.17, which replaced

the "estate by the entireties" with "survivorship tenancy." However, also in 1985, the legislature enacted § 5302.21. This section validates estates by the entireties created under former § 5302.17.

**12.** *Fitzwilliam*, 12 Ohio St.3d 51; *Wagner v. Galipo*, 50 Ohio St.3d 194, (1990); *Bahler v. Doenges*, 26 Ohio App.3d 172, 499 N.E.2d 35 (Henry Co. Ct.App.1986); *Donvito v. Criswell*, 1 Ohio App.3d 53, 439 N.E.2d 467 (Summit Co. Ct.App. 1982); *Koster v. Boudreaux*, 11 Ohio App.3d 1, 463 N.E.2d 39 (Lucas Co. Ct.App.1982).

Todd G. Finneran, as trustee for the bankruptcy estate of Jamie M. Blair, the sum of $5,074.59. The Defendant's objection to that distribution is overruled.

IT IS SO ORDERED.