33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Jamie M. BLAIR, Debtor
Todd G. FINNERAN, Plaintiff-Appellee,
v.
ASSOCIATES FINANCE SERVICES; Jamie M. Blair, Defendants,
Kenneth R. Blair, Defendant-Appellant.
 No. 93-4389.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 Before: GUY and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth R. Blair, a nondebtor husband of a Chapter 7 debtor wife, appeals a district court order affirming a bankruptcy court's decision regarding the proposed distribution of the sale proceeds from property held by Blair and his wife as tenants by the entireties. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The relevant facts are set forth in Finneran v. Associates Fin. Servs. (In re Blair), 151 B.R. 849, 849-50 (Bankr.S.D.Ohio 1992), and will not be repeated here. Suffice it to say that on appeal to the district court, Blair took issue with the allocation of the sale proceeds of the marital residence and claimed that the total amount of equity from the property should be exempted from Mrs. Blair's estate. The district court found that the division and allocation approved by the bankruptcy court was correct and affirmed the bankruptcy court's decision. The district court also held that Blair was not denied any of his constitutional rights by the bankruptcy court ruling on the legal issues presented without a hearing. Reconsideration was denied in a memorandum and order filed November 15, 1993.
 
 
 3
 On appeal to this court, Blair argues that his right to procedural due process was violated in that he was not notified of the possible exemptions and procedures for asserting them. He also argues that the bankruptcy rules give him the legal ability to change or add to the exemption chosen by his debtor wife. Lastly, he argues that only one-half of the total claims of the joint creditors should be considered in determining what amount is not exempt from his debtor wife's estate.
 
 
 4
 We review de novo a district court's order of a bankruptcy court decision. First Nat'l Bank v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 974 F.2d 712, 717 (6th Cir.1992). Upon de novo review, we affirm the district court's order.
 
 
 5
 The division and allocation of the net proceeds between the bankruptcy estate and the nondebtor co-owner as determined by the bankruptcy court and affirmed by the district court was proper. The debtor's estate includes, with exceptions not relevant here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Sec. 541(a)(1). This definition includes an individual debtor's interest in property held as tenants by the entirety. Arango v. Third Nat'l Bank (In re Arango), 992 F.2d 611, 613-15 (6th Cir.1993); Liberty State Bank & Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 775 (6th Cir.1985). In Ohio, individual creditors of a husband or wife cannot reach entirety property upon a judgment procured against either the husband or wife alone, and the entirety property may be exempted under 11 U.S.C. Sec. 522(b)(2)(B). Central Nat'l Bank v. Fitzwilliam, 465 N.E.2d 408, 410-11 (Ohio 1984). The sale proceeds of entireties property is properly distributed between and among the co-owners. See 11 U.S.C. Sec. 363(j); In re Grosslight, 757 F.2d at 776; In re Dionne, 40 B.R. 137, 138-39 (Bankr.D.R.I.1984); In re Ignasiak, 22 B.R. 828, 830 (Bankr.E.D.Mich.1982). Thus, the division and allocation of the net proceeds of the sale of the Oakland Park real estate approved by the bankruptcy court, i.e., one-half to the debtor and one-half to Blair, was proper.
 
 
 6
 Blair's argument that he was denied procedural due process when he was not notified of the possible exemptions and procedures for asserting them is not properly before the court because it was not raised initially in the bankruptcy court and no exceptional circumstances warrant addressing the issue now. See Consolidated Mktg., Inc. v. Marvin Properties, Inc. (In re Marvin Properties, Inc.), 854 F.2d 1183, 1186-87 (9th Cir.1988); Jacoway v. Anderson (In re Ozark Restaurant Equip. Co.), 850 F.2d 342, 345-46 (8th Cir.1988); Truck Drivers Local 807 v. Carey Transp., Inc., 816 F.2d 82, 90 (2d Cir.1987).
 
 
 7
 Blair argues that the bankruptcy rules give him the legal ability to change or add to the exemption chosen by his debtor wife. In some circumstances, a dependent may claim the debtor's exemptions. 11 U.S.C. Sec. 522(1) provides
 
 
 8
 The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such a list is exempt.
 
 
 9
 Blair would qualify as a dependent under 11 U.S.C. Sec. 522(a)(1). However, in this case, the debtor did file a list of exemptions. Thus, Sec. 522(1) does not empower Blair to file such a list. Moreover, In re Crouch, 33 B.R. 271 (Bankr.E.D.N.C.1983), cited by Blair, is distinguishable. In that case, the court allowed the non-debtor spouse to claim additional exemptions because the debtor spouse had claimed inadequate exemptions for the purpose of circumventing his obligations to support his spouse. In the present case, there is no indication from the record that the debtor claimed the exemptions in bad faith. Consequently, Blair's argument on this point is meritless.
 
 
 10
 Finally, it is Blair's position that only one-half of the total claims of the joint creditors should be considered in determining what amount is not exempt from his debtor-wife's estate. Blair cites no authority in support of this argument. Each spouse, however, is liable for the whole debt to joint creditors. In re Grosslight, 757 F.2d at 776.
 
 
 11
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.